EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

VINNELL–DRAVO–LOCKHEED–MANNIX, Defendant.

No. 3866.

United States District Court,
E. D. Washington.

May 19, 1976.

---

**5.** See note 1, *supra.*

Wm. Keith MacLeod, San Francisco Regional Litigation Center, E.E.O.C., San Francisco, Cal., for plaintiff.

James A. Fish, Spokane, Wash., for defendant.

## MEMORANDUM AND ORDER

NEILL, Chief Judge.

Plaintiff Equal Employment Opportunity Commission (EEOC) brought this action under section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), to correct alleged discrimination by defendant in its employment practices. Specifically, EEOC alleges in its complaint that defendant has discriminated against Indians and other minorities by refusing them employment, limiting the placement and advancement of those hired, limiting their overtime, harassing them on the job, laying them off work, and discharging them more frequently than Caucasians. Accordingly, EEOC seeks injunctive relief against such practices and damages.

Defendant filed a motion to dismiss, which was denied by this Court, and extensive discovery followed. Defendant has now moved to dismiss the class aspects of plaintiff's complaint on the ground that plaintiff has not complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure. Defendant has also filed two motions for partial summary judgment attacking, first, the scope of plaintiff's complaint to the extent its allegations go beyond those made by the charging party in his initial discrimination charge to EEOC and, second, all aspects of the complaint arising from the charging party's second charge on the ground that the charge was untimely.

Plaintiff opposes defendant's motion to dismiss, alleging that EEOC, as the government agency responsible for protection of the public interest in employment discrimination, need not comply with Rule 23 because that rule applies only to private litigants. Plaintiff opposes defendant's first motion for partial summary judgment on the ground EEOC is empowered to seek

judicial relief from all discrimination it discovers in the course of its investigation so long as such discrimination is subject to a reasonable cause determination and presented to the respondent for conciliation. Plaintiff opposes defendant's second motion for partial summary judgment on the ground the charging party's second charge was part of an ongoing pattern of discrimination to which a timely charge had been made or, alternatively, that the second charge was timely because the act of discrimination occurred when a Caucasian was rehired and the charging party was not, which makes the charge timely, rather than when the charging party and the Caucasian were both fired, which would make the charge untimely.

### I. Defendant's Motion to Dismiss Plaintiff's Class Action Claims

Defendant seeks to dismiss plaintiff's claims for relief on behalf of unnamed minority persons on the ground plaintiff has failed to have the case certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. In support of its motion, defendant cites numerous class action suits under Title VII where courts have required compliance with Rule 23. However, in each cited case the plaintiffs were private litigants suing on their own behalf and, as in any civil case, the courts required compliance with Rule 23. Plaintiff argues Rule 23 is not applicable to Title VII suits brought by EEOC.

It has been recognized that class action suits brought by private litigants under Title VII protect different interests than suits brought by the government under the act, even though both kinds of suit may seek monetary damages for employment discrimination. *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 65–66 (5th Cir. 1974). Accordingly, while the courts have steadfastly required private litigants to comply with Rule 23, compliance with that rule has not been required in cases where an agency of the government sought class relief from discriminatory employment practices. *United States v. T.I.M.E.–D.C.*, 517 F.2d 299, 319 (5th Cir. 1975); *EEOC v. Detroit*

*Edison Company*, 515 F.2d 301, 310–312 (6th Cir. 1975); *Rodriguez v. East Texas Motor Freight, supra; EEOC v. Rexene Polymers Company*, 9 EPD ¶ 9922 (W.D.Tex.1975); *EEOC v. Lutheran Hospital*, 10 FEP Cases 1177 (E.D.Mo.1974). The fact that EEOC voluntarily chose to define a class of plaintiffs in *EEOC v. Datapoint Corporation*, 10 EPD ¶ 10 (W.D.Tex.1975), does not alter this conclusion.

### II. Defendant's Motion for Partial Summary Judgment as to the Scope of Plaintiff's Complaint

Defendant argues that the allegations contained in plaintiff's complaint impermissibly exceed the scope of the charges filed with EEOC by the charging party, and that the complaint must be dismissed to the extent of this excess. Specifically, defendant alleges the charge with EEOC claimed harassment, inequitable treatment in allowing overtime and in recall from layoffs, and discharge due to racial discrimination because the charging party is an Indian. However, EEOC's administrative determination went beyond the specific allegations of the charging party and concluded that defendant "is engaged in unlawful hiring practices by not employing American Indians and other minorities". Defendant urges the Court to dismiss plaintiff's complaint to the extent it charges discrimination against minorities other than Indians and to the extent it charges discrimination against the charging party in layoffs, placement, classification and opportunities for transfer and hiring, which defendant alleges were not specified in the original charge to EEOC. In support of its motion defendant relies on *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970), which held:

> . . . the "scope" of the judicial complaint is limited to the "scope" of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

*Id.*, at 466

The Ninth Circuit has taken the position that the complaint of a private

litigant seeking judicial relief under Title VII "may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC". *Oubichon v. North American Rockwell Corporation*, 482 F.2d 569, 571 (9th Cir. 1973). This would include all the allegations of the complaint relating to discrimination against the charging party in layoffs, placement, classification and opportunities for transfer and hiring of which defendant complains, especially in light of the rule that discrimination charges filed by lay persons are to be liberally construed. *Love v. Pullman*, 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), *Pacific Maritime Association v. Quinn*, 491 F.2d 1294 (9th Cir. 1974). Further, when EEOC sues on its own behalf it is entitled to broad judicial relief that encompasses discrimination against persons other than the charging party, as long as all charges of discrimination are the subject of investigation and conciliation prior to initiation of the judicial action. *EEOC v. Kimberly-Clark Corporation*, 511 F.2d 1352, 1363 (6th Cir. 1975); *Blue Bell Boots, Inc. v. EEOC*, 418 F.2d 355, 358 (6th Cir. 1969); *EEOC v. Raymond Metal Products Company*, 385 F.Supp. 907, 914–918 (D.Md.1974); *EEOC v. Western Electric Company, Inc.*, 382 F.Supp. 787, 798–801 (D.Md.1974).[1] Since all the allegations were investigated by EEOC and made subject to attempts at conciliation, the complaint properly includes general allegations of racial discrimination in defendant's employment practices.

III. *Defendant's Motion for Partial Summary Judgment as to Charging Party's Second Charge*

Charging party submitted his first charge of discrimination to EEOC on December 30, 1971. On September 19, 1972, charging party submitted a second charge based on his termination from defendant on February 24, 1972. EEOC deferred this charge to the Washington State Human Rights Commission on August 25, 1972, but assumed jurisdiction over the charge October 11, 1972. Defendant argues that the second charge was untimely and cannot be considered by this Court because it was not filed within one hundred and eighty days of charging party's discharge as required by 42 U.S.C. § 2000e–5(e). EEOC argues that the second charge was part of an ongoing pattern of discrimination by defendant and comes within the continuing violation doctrine.

The charging party's first charge alleged harassment, denial of equal overtime, and discrimination in defendant's failure to recall him from temporary layoff with other Caucasian employees. Charging party's second charge alleged he and a Caucasian were terminated with a "no rehire" designation for the same incident and that only the Caucasian was rehired. In *Oubichon v. North American Rockwell Corporation, supra*, the Ninth Circuit Court of Appeals held that "any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC" may be asserted in a complaint based on a single charge which did not detail each allegation of discrimination. *Id.*, 482 F.2d at 571. To require a "pro forma addition of an additional charge" each time a new act of discrimination occurs "would elevate a technical construction of the statute at the expense of congressional policy and intent." *EEOC v. Raymond Metal Products Company, supra*, 385 F.Supp. at 917. Certainly the allegation that defendant failed to rehire the charging party is reasonably related to the allegation of defendant's discrimination in recalling him from temporary layoff status and, therefore, it is covered by the original charge which was timely filed.

WHEREFORE, defendant's motions to dismiss, for partial summary judgment on

---

1. *EEOC v. Griffin Wheel Company, et al.*, 11 EPD ¶ 10,809 (N.D.Ala.1975), relied upon by defendant in support of its motion, is consistent with the Court's ruling because in that case some of the allegations asserted in EEOC's complaint had not been the subject of EEOC investigation and conciliation.

plaintiff's allegations alleged to exceed the scope of the original charge, and for partial summary judgment on plaintiff's allegations arising from the second charge are each hereby DENIED.