EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff-Appellant,

v.

D. H. HOLMES CO., LTD.,
Defendant-Appellee.

No. 76–4184.

United States Court of Appeals,
Fifth Circuit.

July 29, 1977.

William H. Ng., E.E.O.C., Washington, D. C., Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Assoc. Gen. Counsel, Beatrice Rosenberg, Asst. Agency Counsel, E.E.O.C., Washington, D. C., for plaintiff-appellant.

David L. McComb, G. Phillip Shuler, III, New Orleans, La., for defendant-appellee.

Douglas S. McDowell, Robert E. Williams, Avrum M. Goldberg, William R. Weissman, Washington, D. C., amicus curiae, for Equal Employment Advisory Council.

Before COLEMAN, Circuit Judge, KUNZIG, Judge,* and GEE, Circuit Judge.

KUNZIG, Judge:

This case of first impression (at the appellate level) comes to us on an interlocutory appeal from an order of the United States District Court for the Eastern District of Louisiana. The two questions presented on appeal are: Did the district court properly characterize this particular suit as a class action and, if so, did it correctly determine that the Equal Employment Opportunity Commission (EEOC) is governed by Fed.R.Civ.P. 23[1] just as any

---

* Associate Judge, United States Court of Claims, sitting by designation.

1. Fed.R.Civ.P. 23 provides in part:
   (a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
   (b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
      (1) the prosecution of separate actions by or against individual members of the class would create a risk of
      (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
      (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
      (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
      (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.
   (c) *Determination by Order Whether Class Action to be Maintained; Notice; Judgment; Actions Conducted Partially as Class Actions.*
      (1) As soon as practicable after the commencement of any action brought as a class action, the court shall determine by order whether it is to be so maintained.

normal plaintiff? We answer both questions in the affirmative and, therefore, uphold the order of the district court and remand the case for further proceedings.

The underlying dispute concerns instances of alleged sex discrimination in employment. The D. H. Holmes Company, Ltd. (Holmes, defendant-appellee), a Louisiana corporation which operates nine retail stores and employs approximately 3500 persons, is alleged to have violated certain provisions of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. (1970 & Supp. V 1975). The Equal Employment Opportunity Commission (EEOC, plaintiff-appellant) instituted suit under the authority of the Civil Rights Act, § 706(f)(1), 42 U.S.C. § 2000e–5(f)(1) (Supp. V 1975)[2] and seeks an injunction prohibiting

alleged sex discrimination, an order compelling affirmative action programs, and an award of back pay to "those persons adversely affected."

There has, of course, been no finding of facts by the court below and we make no intimation here concerning the truth of the matters asserted. But, drawing upon the already voluminous record made pursuant to pre-trial discovery, and, for the purposes of this appeal, construing those documents most favorably to the plaintiff (EEOC), the alleged facts may be stated as follows:

Holmes operates nine stores, is divided into 494 departments, and employs about 3500 workers. In October 1973, a series of incidents occurred which involved employees of the security department (store detectives) at the Lakeside store. Joseph Tardo, Lakeside store[3] security manager, was transferred to the Oakwood store and replaced at Lakeside by a new security supervisor. On October 15, 1973, his first duty day in his new position, the new Lakeside supervisor allegedly grabbed the arm of Maria Marino, a store detective with some years experience and a subordinate of his. In a second incident, on October 16, 1973, the new supervisor allegedly rubbed his body against Mrs. Marino. Sharon Neidhardt, also a store detective at Lakeside, allegedly witnessed the October 16 incident and was herself a subject of alleged sexual advances by the same supervisor who was said to have drawn her attention to the zipper of his trousers on or about October 22. The two women brought these matters to the attention of upper management. Following an informal investigation, after which the charges were found to be groundless, the Holmes Company discharged the two women.

Mrs. Marino subsequently filed a complaint with the EEOC. She alleged first that the job of Lakeside store security manager should have gone to her on October 15, upon Mr. Tardo's departure, but that the position was denied her because of her sex. She further alleged that she was fired for having reported to upper management that the new security manager had made improper sexual advances to her.

Sharon Neidhardt also filed a complaint with the EEOC. She alleged that she was discharged for having reported that the new security manager had exposed himself to her. She requested and obtained a "right to sue"[4] letter from the EEOC, retained counsel, and instituted suit against Holmes. *Neidhardt v. Holmes Co., Ltd.*, No. 72–2395 (E.D.La.) (subsequently consolidated with *EEOC v. Holmes* (Order of the court, dated Jan. 12, 1976), hereinafter referred to as *EEOC v. Holmes Co., Ltd.*)

Three other charges have been filed with EEOC. In November 1973, Pamela Clark, a

case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance. Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings described in subsection (c) or (d) of this section or further efforts of the Commission to obtain voluntary compliance.

3. The Lakeside store is located in Metairie, Louisiana.

4. "Right to sue letter" refers to the notification required by 42 U.S.C. § 2000e–5(f)(1) as a necessary condition for a private suit:

. . . If a charge filed with the Commission pursuant to subsection (b) of this section, is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. . . .

display artist, filed a charge with EEOC that she had been fired because of her sex. In January 1974, Beverly Saxon, a security department employee at the Canal Street store filed a charge with EEOC alleging that she was being denied promotion because of her sex. Finally, in March 1974, Joseph Tardo, the former security department supervisor at Lakeside whose transfer in October 1973 set in motion the subsequent events of that month and who had just been discharged, filed a complaint with EEOC alleging that his discharge was a result of his having refused to cooperate with Holmes in its defense of Mrs. Marino's charges during the EEOC investigation.

In September 1975, EEOC itself instituted court action against Holmes. It filed an initial complaint against practices at the Lakeside store and later amended the complaint to include all the other stores. The amended complaint, filed in district court in March 1976, is drawn in general terms. It broadly alleges violations of §§ 703 and 704 of Title VII, 42 U.S.C. §§ 2000e–2 and 2000e–3 (1970 & Supp. V 1975) commencing on July 2, 1965, and continuing thereafter. It seeks monetary and injunctive relief on behalf of "all those affected" but does not further identify this class in the complaint. In the course of discovery (which has been ongoing since October 1975), including depositions, interrogatories, and answers to interrogatories, it seems increasingly clear that EEOC is not limiting itself to securing relief only on behalf of the five parties (Marino, Neidhardt, Clark, Saxon and Tardo) who had filed complaints, but rather EEOC is seeking relief for a broad class of persons.

Though not styled as a class action, the complaint, together with the subsequent course of discovery, created apprehension on the part of defendant. Holmes was concerned that it was in fact about to become the defendant in a class action law suit without being afforded the procedural protections and judicial controls embodied in Fed.R.Civ.P. 23. On June 25, 1976, Holmes moved to dismiss the class action aspect of the complaint.

■ District Court Judge Charles Schwartz, Jr. held that EEOC had "intended to bring this suit in the form of a class action." The court below further held that EEOC must comply with Fed.R.Civ.P. 23 and local rule 2.12,[5] giving EEOC 90 days in which to do so. The court stayed the proceedings until further order while denying Holmes' motion to dismiss the class action aspect at this stage. *EEOC v. Holmes Co., Ltd.*, 13 FEP Cases 449 (E.D.La.1976). One requirement of Rule 23 is certification under 23(c); at the certification stage, EEOC must carry the burden of proof as to maintaining the class action aspect of this suit. 3B *Moore's Federal Practice* ¶ 23.02–2 n. 33 (2d ed. 1977). Of course, whether this suit will be certified as a class action remains to be seen.

Rather than comply with the lower court order, EEOC sought immediate interlocutory review here pursuant to 28 U.S.C. § 1292(b).[6] The trial judge certified a con-

---

**5.** Local rule 2.12 provides in pertinent part that:

"c. Within 90 days after the filling of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a determination under subdivision (c)(1) of Rule 23, FR Civ P, as to whether the case is to be maintained as a class action. In ruling upon such a motion, the court may allow the action to be so maintained, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appeared to be appropriate and necessary in the circumstances. Whenever possible, where it is held that the determination shall be postponed, a date will be fixed by the court for renewal of the motion."

**6.** 28 U.S.C. § 1292(b) provides that:

Interlocutory decisions.

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it

trolling and unsettled[7] question of law to us, and we granted leave to appeal.

■ EEOC's position is that it need not follow Rule 23 and that, in any event, it cannot do so. EEOC contends that this cannot be a "Rule 23 class action" since it (EEOC) is not itself a member of the class. EEOC argues that Rule 23 on its face requires the party bringing a class action to be a member of the class which he purportedly represents. Further, EEOC argues, this cannot be a Rule 23 class action because the Commission seeks to vindicate a public as opposed to a private interest and so does not adequately represent the private members of the class as required by 23(a)(4). EEOC would still have this suit a class action, but it would be a statutory class action based on Title VII and not subject to Federal Rule 23.

Holmes, in opposition, asserts that this law suit, seeking broad injunctive and monetary relief on behalf of a class of persons, is a class action. That being so, Holmes urges that the chief issue is whether a class action filed by EEOC pursuant to § 706(f)(1) of Title VII of the Civil Rights Act of 1964 as amended is governed by Rule 23. Holmes maintains that there is no basis in law or reason to exempt EEOC from Federal Rule 23.

We agree with Holmes and with the court below. EEOC intended to bring this suit in the form of a class action and, at this stage of the proceedings, it is a class action. When EEOC brings a class suit under § 706(f)(1), 42 U.S.C. § 2000e–5(f)(1) it too must abide by appropriate Federal Rules of Civil Procedure, including Rule 23. We note at the outset that we are not here concerned with the merits of the case. Five parties have made charges against the Holmes Company that may merit relief; we are confident that the trial court will afford them a full and fair trial on those issues. The questions here before us on this interlocutory appeal are, therefore, very narrow ones which concern merely the procedural side of this case.[8]

The initial issue is whether this is a class action. We conclude that it is.

within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

7. In holding EEOC to the requirements of Rule 23, the trial court noted that "[a]lthough the 1972 amendments to Title VII of the Civil Rights Act of 1964 give the EEOC the right to sue in its own name, I do not believe there was an intention to relieve it of the obligations of the Federal Rules of Civil Procedure." The court went on to say that it was not Congress' purpose to grant EEOC license to file "this type of [suit] without affording a defendant those safeguards of Rule 23 which would be available to it in a defense against all other plaintiffs." *EEOC v. Holmes Co. Ltd.*, 13 FEP Cases 449 (No. 75–2769, E.D.La.1976). For other cases which require EEOC to follow Rule 23, *see EEOC v. Continental Oil*, 13 FEP Cases 785 (D.C.Colo.1975) *aff'd on other grounds*, 548 F.2d 884 (1977); *EEOC v. Data Point Corp.*, 12 FEP Cases 1133 (W.D.Tex.1975) appeal docketed (5th Cir. No. 76–2862).

At least five district courts have, in brief opinions, taken a contrary position. In the peculiar context of the case before it, one court dismissed defendant's concerns that EEOC follow Rule 23 as "strained," "unrealistic" and smacking of "corporate paranoia," after having concluded that EEOC had not filed a class action. Other cases generally held that EEOC should be treated with special deference because EEOC suits under Title VII serve to vindicate important public interests. *See EEOC v. Vinnel-Dravo-Lockheed-Mannix*, 417 F.Supp. 575, 12 FEP Cases 1815 (E.D.Wash.1976); *EEOC v. CTS of Asheville, Inc.*, 13 FEP Cases 852 (W.D.N.C.1976); *EEOC v. Rexene Polymers Co.*, 10 FEP Cases 61 (W.D.Tex.1975); *EEOC v. Lutheran Hosp.*, 10 FEP Cases 1177 (E.D.Mo.1974). This "EEOC-is-different" argument alone is not enough to free EEOC from Rule 23. It misses the point; presumably the Government vindicates some congressional policy whenever it sues.

8. Furthermore, we note emphatically that this is *not* a situation in which application of procedural rules will thwart any substantive right whatsoever.

*If*, for any reason, EEOC is not certified below but still believes a pattern or practice of discrimination exists in the Holmes Company, its recourse is to file a suit under § 707 of the Civil Rights Act, 42 U.S.C. § 2000e–6. At the same time, EEOC might continue to seek relief for the five named individuals in the instant case under § 706, 42 U.S.C. § 2000e–5 upon dropping the class aspects of this suit.

The trial court, in ruling that EEOC intended to bring a class action, found the law suit to be a class action (at least at this stage). Our review supports the district court's finding in this regard. EEOC has repeatedly asserted that broad, class relief is precisely what it seeks. Its intent is evidenced not only by a fair construction of the complaint, but by other conduct as well.

First, there are the pleadings themselves. The complaint is very broadly and vaguely drawn. It names no employee adversely affected by unlawful discharge, promotion, or other employment policy. Nor does it name any employee opposing such alleged practices who has been harassed as a result. It does not specify at which of the nine stores or in which of the 494 departments alleged violations of the Civil Rights Act took place. It does not name particular dates on which these alleged violations occurred. Instead, the complaint is drawn in the broadest terms so as to include all female employees, all nine stores, all 494 departments, and every day from July 2, 1965 (the effective date of the Civil Rights Act) to the present.

Furthermore, the request for relief is likewise drawn with great generality. We pass over the prayer for injunctive relief as, class action or not, the practical effect of an injunction is likely to be the same. *Hawaii v. Standard Oil Co.*, 405 U.S. 251, 261–62, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972); *Bailey v. Patterson*, 323 F.2d 201, 206 (5th Cir.), *cert. denied*, 376 U.S. 910, 84 S.Ct. 666, 11 L.Ed.2d 609 (1963). But we do pause at the prayer for back pay. Such relief is sought on behalf of all "those persons adversely affected." We can only assume this to mean that relief, if granted, is to run in favor of a class of beneficiaries defined somehow by their relationship to the wrongs alleged. If this complaint and prayer do not amount to a "class action," we are at a loss to know what does.

Second, there is the course of discovery so far. On more than one occasion, EEOC has demonstrated its belief that it had filed a class action complaint. In response to defendant's interrogatories, EEOC answered that it had not yet determined the "number and size" of the "classes" for which it seeks back pay. Record, Vol. I at 36 (plaintiff's answers to defendant's first interrogatories). In the course of taking depositions, counsel for EEOC even sought to widen the scope of discovery by stating that an additional employee of Holmes would "fit into the class of females, the class aspect of this suit." Deposition of William D. Serex, March 5, 1976 at 15.

Third, there is the fact that EEOC resisted Holmes' motion to dismiss the class action aspect of this suit. It was EEOC's very success in this regard that brings this interlocutory appeal before us now.

Lastly, on appeal, EEOC has accepted the fact that this is a class action. Both in its brief and at oral argument, EEOC conceded that this is a suit "which seek[s] *broad relief for a class of persons.* . . ." Brief of EEOC at 4.

We hold, therefore, that the district court is correct. The EEOC did intend to bring a class action, hence, at this stage in the proceedings at least, it is a class action. *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3rd Cir.) *cert. denied* 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); *Torres v. Dept. of Labor*, 318 F.Supp. 1313, 1317 (S.D.N.Y. 1970).[9]

The second issue is whether the EEOC, when it brings a class action pursuant to § 706(f)(1), 42 U.S.C. § 2000e–5(f)(1)(Supp. V 1975), must follow Rule 23. We conclude that it must.

The trial court ordered EEOC to comply with Fed.R.Civ.P. 23 and local rule 2.12. The EEOC asserts that it need not comply and that Title VII, § 706(f)(1), creates a statutory class action outside Rule 23.

---

9. "Until the court has ruled that an action cannot continue as a class action, it must be regarded as a class action if the pleadings so provide. . . ." *Wright On Federal Courts* § 72 at 314 (2nd ed.1970). 3B *Moore's Federal Practice* ¶ 23.50 at 23–1103 (2d ed.1977). We have found the trial court to have properly so construed the pleadings. *See Woods v. Wright*, 334 F.2d 369, 374 (5th Cir. 1964).

EEOC argues further that, in any event, it cannot comply with Rule 23. We disagree with EEOC on each point.

Nothing in the statutory language or legislative history of Title VII, § 706(f)(1) as amended, 42 U.S.C. § 2000e–5(f)(1)(Supp. V 1975) supports the position EEOC advances regarding an action *outside* Rule 23.

The original Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1970) created a private cause of action under § 706 which has been construed to give rise to class action law suits under Rule 23. *See, e. g., Oatis v. Crown Zellerbach Co.,* 398 F.2d 496, 499 (5th Cir. 1968); Comment, *The Class Action and Title VII-An Overview,* 10 U.Rich.L.R. 325, 326 & n.10 (1976).

The Act was amended in 1972 for the purpose of bolstering EEOC's enforcement ability. As the House Education and Labor Committee reported:

Despite the progress which has been made since passage of the Civil Rights Act of 1964, discrimination against minorities and women continues. The persistence of discrimination, and its detrimental effects requires a reaffirmation of our national policy of equal opportunity in employment. It is essential that seven years after the passage of the Civil Rights Act of 1964, effective enforcement procedures be provided to the Equal Employment Opportunity Commission to strengthen its efforts to reduce discrimi-

nation in employment. H.R.Rep. No. 92–238, 92nd Cong., 2d Sess. 1972, reprinted in [1972] U.S.Code Cong. & Ad.News, pp. 2137, 2139.

Section 706, 42 U.S.C. § 2000e–5(f)(1) was accordingly widened to permit EEOC to sue in its own name for the redress of individual injury. However, the 1972 amendments to § 706 in no way altered any class action procedures nor the post-1964 case law which generally held private suits under § 706(f)(1), 42 U.S.C. 2000e–5(f)(1), to be appropriate for class action litigation governed by Rule 23. *E. g., Oatis v. Crown Zellerbach Co., supra.*

The express statutory language certainly does not exempt EEOC from Rule 23, it merely authorizes EEOC to bring civil suits under § 706. It gives EEOC standing to sue under Title VII to the same extent as individuals aggrieved by discrimination in employment. Logically it follows, then, that when EEOC brings a class action suit under § 706, 42 U.S.C. 2000e–5(f)(1) (as an individual aggrieved may do), it does so subject to Rule 23 just as the private litigant in whose place it stands.

Nor did Congress, seeking to increase the enforcement power of EEOC,[10] and with the class action issue generally before it, intend to exempt EEOC from Rule 23 either expressly or impliedly. Indeed, all signs gleaned from the legislative history go the other way.[11] Certainly, the ability to

---

10. The authority granted in the 1972 amendments has enabled EEOC to increase its conciliation success rate to almost 50 per cent. Address by then EEOC Chairman Powell, ABA Section on Labor Relations Law, National Institute, Wash., D.C., May 8, 1974 (unpublished). Cited in Isaacson & Zifchak, *Fair Employment Forums After Alexander v. Gardner-Denver Co.: Separate and Unequal,* 16 Wm. & M.L. Rev. 439 (1975).

11. During Senate debate on the 1972 amendments, Senator Javits, one of the floor managers of the bill and the ranking member of the Committee which reported it, explained:

These are essentially class actions and if [EEOC] can sue for an individual claimant, then they can sue for a group of claimants. It seems to me that this is provided for by the rules of civil procedures in the Federal courts. . . . .

I have referred to the rules of civil procedure. I now refer specifically to rule 23 of those rules, which is entitled "Class Actions" and which give the opportunity to engage in the Federal court in class actions by properly suing parties. We ourselves have given permission to the EEOC to be a properly suing party. 118 *Cong.Rec.* 4081–82 (1972), reprinted in Senate Comm. on Labor and Public Welfare, 92nd Cong., 2nd Sess., Legislative History of the Equal Employment Opportunity Act of 1972, at 1589–90 (1972). (Hereinafter "Legislative History").

Senator Javits' comments were made in debate concerning amended § 707 pattern and practice suits. Though § 707 is not at issue now, clearly his remarks apply with equal force to § 706 suits.

Further, the managers of the bill were aware that Title VII litigation under § 706 frequently takes the form of class actions and sought to

sue for class relief outside of Rule 23 might well add a powerful tool to EEOC's enforcement arsenal. Just as certainly though, it is for the Congress and not for us to grant EEOC this power.

In any event, Congress knows how to set up federal actions governed by systems of procedure other than the Federal Rules of Civil Procedure.[12] It has not done so here.

Since we cannot find independent statutory authority for EEOC's contention that it is exempt from Rule 23, we now turn to the Federal Rules to see if there is any special exemption granted therein. Fed.R. Civ.P. 1 states that "These rules govern . . . all suits of a civil nature . . . at law or in equity . . . ." The only exceptions stated in the Rules are those found in Fed.R.Civ.P. 81. The National Labor Relations Board is one such exception; EEOC is not. If the Supreme Court or Congress had wanted to include EEOC among the exceptions, they clearly had the power to do so. 28 U.S.C. § 2072 (1970 & Supp. V 1975). They did not do so here.

A reading of Rule 23 in light of its history and the ends it serves further illustrates the inappropriateness of granting exceptions at random. The Rule as originally adopted in 1938 was an attempt to encourage use of the class action device which, employed effectively, would further the interests both of judicial administration and justice. The Rule was extensively amended in 1966. One important change was to

eliminate the so-called "spurious" class action; henceforth all class actions will have a binding effect on the members of the class (excepting those who opt out of a 23(b)(3) class). *See* Frankel, *Amended Rule 23 From a Judge's Point of View*, 32 Antitrust L.J. 295, 297. Because of the res judicata effect of a class action judgment on absent members of the class and the concomitant protection afforded a defendant, the necessity for closer judicial control was apparent and better guidance was provided:

> The amended rule describes in more practical terms the occasions for maintaining class actions; provides that all class actions maintained to the end as such will result in judgements including those whom the court finds to be members of the class, whether or not the judgement is favorable to the class; and refers to the measures which can be taken to assure the fair conduct of these actions. Advisory Committee's Notes, 39 F.R.D. 69, 99 (1966).

It scarcely needs to be added that Fed.R. Civ.P. 23 also furthers several other important interests. It helps prevent piecemeal suits, saving time and expense. It permits widescale relief, often encouraging people with small claims to come forward.[13] At the same time, it affords the defendant a measure of protection against inconsistent adjudications and it establishes a degree of judicial control to check possible abuse of the class device. All of these interests re-

---

make certain that the procedural rules governing them would not be disturbed by extending authority to bring such actions to the EEOC. Senator Williams, Committee Chairman and floor manager of the bill, stated in a section-by-section analysis:

> In establishing the enforcement provisions under this subsection and subsection 706(f) generally, it is not intended that any of the provisions contained therein are designed to affect the present use of class action lawsuits under Title VII in conjunction with Rule 23 of the Federal Rules of Civil Procedure. . . . [T]he leading cases in this area to date have recognized that Title VII claims are necessarily class action complaints. . . . Legislative History, 1773. *See also Id.* at 1847.

In addition, EEOC conceded at oral argument that there is no indication that anyone from the EEOC (or elsewhere) ever approached the Con-

gress to request the special treatment now contended for.

**12.** Proceedings under the Bankruptcy Act, for example, are, since 1973, had under special rules of procedure promulgated by authority of 28 U.S.C. § 2075 (1970). Prior to 1973, proceedings in bankruptcy were to follow the Federal Rules of Civil Procedure to the extent "as they are not inconsistent with this act." 11 U.S.C. Appendix, Order 37 (1970).

**13.** This factor may not weigh so heavily in the context of a Title VII suit. The award of attorney's fees to the prevailing party is permissible. 42 U.S.C. § 2000e–5(k) (1970). The statutory grant of jurisdiction for Title VII actions does not impose an amount-in-controversy requirement. 42 U.S.C. § 2000e–5(f)(3) (1970 & Supp. V 1975).

main compelling regardless of the identity of the plaintiff. We certainly do not see why EEOC, in particular, presents a special case. If EEOC is exempted from Rule 23, chaos in the management of Title VII class actions could result. Such matters as notice, exclusion, intervention, dismissal or compromise, and statute of limitations treatment would be put in question. *See generally*, Note, *Revised Federal Rule 23, Class Actions: Surviving Difficulties and New Problems Require Further Amendment.* 52 Minn.L.Rev. 509 (1967–68).

Only through properly functioning judicial procedures will the interests of either party be protected in the long run. Absent a Congressionally developed alternative, there can be no good accomplished by an abandonment of Rule 23 in this case. In no way will the national goal of gaining equal employment opportunity be advanced by precipitously discarding our established rules of procedure.

We note that the protection afforded a defendant by Rule 23 is particularly apposite on the record before us. Here is a situation where five employees have filed charges against Holmes with the EEOC. These individual complaints will be fairly and fully adjudicated below. But now we have a proceeding where EEOC has alleged a broad range of wrong-doing [14] and is using the equally broad federal discovery devices to expand its case, pushing for class action discovery privileges without submitting to class action controls (and, in fact, resisting them).

Holmes, for its part, does not know against whom and upon what grounds precisely it must defend; and this a year and a half after EEOC filed its initial complaint. Neither Holmes not anyone else can predict the res judicata effect of a decision on the merits. If EEOC is permitted to proceed outside Rule 23, and if it should obtain money damages for back pay which it seeks on behalf of a class, in whose favor, specifically, does that money judgment run? Likewise, should Holmes prevail on the merits, what would be the finality of judgment as against individuals arguably within the class? Holmes could well find itself relitigating this case for the rest of its days.

In short, if this is not precisely the situation which Rule 23 was intended to govern, we are not likely to see another. All parties potentially involved in Title VII litigation need to know the rules for conducting the litigation and the scope and effect of a judgment (or settlement). Fed.R.Civ.P. 23 seeks to do just that.

█ Finally, EEOC argues, as a matter of law, it can never satisfy the requirements of Rule 23 because it is not itself a member of the class and because it cannot adequately protect the interests of the other (private) class members.

We address first EEOC's contention that it cannot meet the membership criterion of the initial phrase of Rule 23(a). We disagree.

Here EEOC has been given explicit statutory standing to sue. To hold that EEOC is not a "member of the class" as that term is used in Rule 23 would be contrary to Congress' purpose. Especially when EEOC seeks to recover back pay for individuals, it would seem to be Congress' clear intent that EEOC stand in the shoes of those individuals and represent them in a suit the individuals would otherwise be entitled to bring. Where individuals can institute Title VII suits under Rule 23,[15] it would be

---

**14.** It was suggested at oral argument that this complaint was not unlike a shotgun blast fired while leaning out a window. This court has, as a general rule, insisted that such actions on behalf of unnamed persons must be brought in conformity with Rule 23. *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 164 (5th Cir. 1971).

**15.** The membership language of Rule 23 seems directed at individuals. It has, however, been applied to organizations and certain organizations have been permitted to bring class actions even though not themselves members of a class. *Smith v. Board of Education*, 365 F.2d 770, 777 (8th Cir. 1966) (per Blackmun, J.); *See Norwalk CORE v. Norwalk Redevelopment Agency*, 395 F.2d 920, 937 (2nd Cir. 1968); 7 Wright & Miller, *Federal Practice and Procedure: Civil* § 1761 at 591; *Cf. Civil Service Comm'n v. Nat'l Assoc. of Letter Carriers*, 413

anomalous in the extreme to hold that EEOC, an enforcement agency expressly authorized by Congress to sue, may never do so under Rule 23 solely because it runs afoul of the membership requirement.[16]

The crux of the matter is this: Having been set up by law to bring civil actions on behalf of persons allegedly discriminated against, EEOC has standing to sue, is a real party in interest, and, we hold, for purposes of Rule 23, is a member of the class.

■ We now turn to EEOC's contention that, as a matter of law, it can never be an adequate representative of the class as required by Rule 23(a)(4).[17] We again disagree. In the normal situation, we might expect EEOC to be a representative *par excellence.* Having as it does the resources, experience and tenacity adequately to serve the interests of the class it purports to represent, we would think of it as certainly as likely a candidate as any to satisfy 23(a)(4). We note that EEOC voices concern over its public purpose as opposed to the private interests in this case. *But see Hunt v. Wash. State Apple Adver. Comm.,* —— U.S. ——, —— – ——, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *Occidental Life Ins. Co. v. EEOC,* —— U.S. ——, ——, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). Such concerns pose a question of fact to be "raised and resolved in the trial court in the usual manner" and which is not properly before us at this stage. *Johnson v. Georgia Highway Exp., Inc.,* 417 F.2d 1122, 1124 (5th Cir. 1969).

EEOC, if it would be an exception to Rule 23, has the burden of pointing out why it should be accorded special treatment.

This it has not done. In light of our holding that EEOC can satisfy Rule 23, we are aware of no untoward burden that Rule 23 will impose on EEOC suits under 42 U.S.C. § 2000e–5(f)(1) (Supp. V 1975). EEOC has not persuaded us that it is excepted from Fed.R.Civ.P. 23. Here EEOC is using the federal rules to conduct what may turn out to be a wide-ranging investigation into Holmes' affairs. But, to the extent that it goes beyond the five identified complainants (and nobody seems to know just how far it does go), it looks like an investigation in search of a plaintiff. Certainly there is a right to investigate and a right to institute court action, but always under appropriate rules which must protect all parties.

In summary, we hold that this *is* a class action, and the EEOC *must* comply with Rule 23. We hold that EEOC has standing to sue and is a "member of the class" for purposes of Rule 23. We further hold that, as a matter of law, EEOC can be an "adequate representative." We again emphasize the procedural posture of this case. The certification ruling has yet to take place and will present factual questions as to which we express no view. *See East Texas Motor Freight v. Rodriguez,* —— U.S. ——, ——, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).

Accordingly, we affirm the order of the court below and remand for further proceedings not inconsistent with this opinion.

AFFIRMED.

---

U.S. 548, 551 n. 2, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973).

Where organizations, formed by their membership for purposes of mutual benefit, yet not themselves members of a class, have sued under Rule 23, it would be incongruous to hold that EEOC cannot.

16. We emphasize that it is Congress which has conferred standing on EEOC. Congress has thus determined that EEOC does sufficiently "possess the same interest and suffer the same injury" as the class members for whom it would sue. *East Texas Motor Freight v. Rodriguez,* —— U.S. ——, ——, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977); *Schlesinger v. Reserv-*

*ists Committee To Stop the War,* 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). Congress, then, has concluded our inquiry and has made EEOC a member of the class of discriminatees that EEOC statutorily represents.

17. The other three requirements of Rule 23(a) are not at issue on this appeal. For a discussion of the requirements a Title VII class action plaintiff must meet under Rule 23, see Smalls, *Class Action Under Title VII: Some Current Procedural Problems,* 25 Am.U.L.Rev. 821, 834–51 (1976).