Darcel P. BROWN et al., Plaintiffs,

v.

J. P. ALLEN COMPANY, Defendant.

Civ. A. No. C77–1720A.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 18, 1978.

**34**

Melvin Robinson, Atlanta, Ga., for plaintiffs.

Robert W. Beynart, Kenneth L. Millwood, Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

Plaintiff has instituted this action for herself and other similarly situated individuals in order to redress alleged racial discrimination in the defendant's employment practices. Jurisdiction is invoked under 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e–5(f). Presently pending before the Court is plaintiff's motion for a determination of class.

The plaintiff is a black female formerly employed by the defendant. She brings this action on her own behalf and on behalf of other black people who recently have been or will be employed by the defendant. Plaintiff did not allege any discrimination based on sex. Therefore, proposed membership of the class is limited to individuals discriminated against on the basis of race.

██ Local rule 221.13 requires a party to move for a determination under 23(c)(1) of the Federal Rules of Civil Procedure as to whether a case may be maintained as a class action. Such motion is to be filed within 90 days after the filing of a class action complaint. It appears that plaintiff's motion was not filed within the applicable time limit. Although the defendant has moved for dismissal based on the untimely filing of plaintiff's motion, it has failed to show any prejudice resulting from the delay. Plaintiff's lateness may be a factor in determining whether the prerequisites of a class action have been met, Fed.R. Civ.P. 23(a), but is not sufficient grounds for dismissal.

In order to be certified as a class action, a claim must satisfy the four prerequisites of Rule 23(a) and at least one of the standards set out in Rule 23(b). The plaintiff contends that this action may be maintained as a class action pursuant to Rule 23(b)(2). Thus, in addition to meeting the requirements of Rule 23(a) the plaintiff must show that, "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; . . ." Fed.R. Civ.P. 23(b)(2).

██ At the certification stage, the plaintiff must carry the burden of proof as to the maintenance of a class action. *E. E. O. C. v. D. H. Holmes Co., Ltd.*, 556 F.2d 787, 791 (5th Cir. 1977); 3B Moore's Federal Practice ¶ 23.02–2 n. 33 (2d ed. 1977). Suits alleging employment discrimination based on race are sometimes said to be "perforce" class actions, since by their very nature they challenge a defendant's actions toward similarly situated employees. *Satterwhite v. City of Greenville, Tex.*, 557 F.2d 414 (5th Cir. 1977); *Johnson v. Goodyear Tire & Rubber Company*, 349 F.Supp. 3 (S.D.Tex. 1972). While the court recognizes this fact, mere allegations of employment discrimination will not satisfy the plaintiff's burden. The Supreme Court has recently made clear that the plaintiff must show that the requirements of Rule 23 are satisfied. *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). The Court in *Rodriguez* held that simply because a suit involved racial discrimination the plaintiff was not relieved from showing that he would adequately represent the other victims. Id. at 405–406, 97 S.Ct. at 1898. The Court stated that even in suits alleging racial discrimination, "careful attention to the requirements of Fed.Rule Civ.Proc. 23 remains nonetheless indispensable." Id. Rule 23(a), listing the prerequisites of a class action, reads as follows:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of

law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiff has not shown that these prerequisites are met.

Plaintiff has offered no evidence, other than her bare allegations, that joinder would be impracticable. Plaintiff asserts that she represents job seekers who were denied employment based on their race. Plaintiff cannot represent those job seekers since she was employed by the defendant. *Freeman v. Motor Convoy, Inc.*, 68 F.R.D. 196 (N.D.Ga.1975); *Rodriguez*, supra, 431 U.S. at 404, 97 S.Ct. 1891. In *Rodriguez*, the Supreme Court held that an individual who was not discriminated against with respect to his hiring, could not attack policies which perpetuated discriminatory hiring practices. id. In order to show that joinder will be impracticable, the plaintiff may use only aggrieved present or past employees of the defendant.

Not only must the class be so numerous as to make joinder impracticable, but the claims of the plaintiff must be typical of the claims of the class. Fed.R.Civ.P. 23(a)(3). "The typicality requirement of Rule 23(a)(3) obligates the class representative to at least demonstrate that there are other members of the class who have similar grievances." *Wright v. Stone Container Corp.*, 524 F.2d 1058, 1062 (8th Cir. 1975).

Finally, it is important that the Court be convinced of plaintiff's ability to adequately protect the interests of the class. The importance of this prerequisite is clear when considered in light of the fact that absent class members may be bound by the judgment of this Court. The ability of plaintiff to adequately represent the class depends in part on the experience and competence of counsel. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (8th Cir. 1975); *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975). The fact that the motion for determination of a class is deficient and was untimely filed does not bode well for the plaintiff. *Rodriguez*, supra, 431 U.S. 404–405, 97 S.Ct. 1891. However, the Court is not prepared to render a final decision at this early stage of the proceedings.

The Court is free to decide this motion on solely the pleadings. *Huff v. N. D. Cass Company of Alabama*, 485 F.2d 710, 713 (5th Cir. 1973). However, as the Fifth Circuit Court of Appeals stated in *Hutchings v. United States Industries, Inc.*, 428 F.2d 303, 310 (5th Cir. 1970), "When . . . the alleged discrimination has been practiced upon the plaintiff because he is a member of a class that is allegedly discriminated against, the court trying a Title VII suit bears a special responsibility in the public interest to resolve the employment dispute by determining the facts regardless of the individual plaintiff's position . . ." Although a determination of class is to be made, "[a]s soon as practicable after the commencement of an action . . .," Fed.R.Civ.P. 23(c)(1), factors such as the detail of the pleadings, amount of discovery pending and the nature of the suit affect practicality. *Jones v. Diamond*, 519 F.2d 1090, 1098 (5th Cir. 1975). In light of the foregoing, the plaintiff will be given a period of discovery in which to flesh out the skeleton of its lawsuit. At the end of the discovery period, the plaintiff's motion will be reconsidered.

Accordingly, the decision on plaintiff's motion for a determination of class is deferred. The plaintiff is hereby given until June 1, 1978, to complete discovery on the issue of class determination. Subsequently, the motion will be reconsidered along with appropriate submissions by the parties.

SO ORDERED, this the 18th day of April, 1978.