**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

v.

**PEOPLES BANK OF INDIANOLA,
Defendant-Appellee.**

No. 78–1846.

United States Court of Appeals,
Fifth Circuit.

Aug. 7, 1980.

Rehearing and Rehearing En Banc
Denied Oct. 9, 1980.

Philip B. Sklover, Washington, D. C., for plaintiff-appellant.

Fuselier, Ott, McKee & Flowers, M. Curtiss McKee, Armin J. Moeller, Jr., Jackson, Miss., for defendant-appellee.

Before BROWN, GEWIN and POLITZ, Circuit Judges.

PER CURIAM:

On August 19, 1976 the EEOC filed an action under Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. § 2000e et seq. The action was filed against Peoples Bank of Indianola for alleged racial discrimination presumably based upon the administrative claim filed with it by Emanuel Walls and for relief for all persons "adversely affected by the unlawful employment practices." On January 9, 1978 the District Court granted the Bank's motion to limit the issues to the claim of Walls' charge of discrimination. *EEOC v. Peoples Bank of Indianola*, No. GC–119–K (N.D.Miss. Jan. 9, 1978). The Court, viewing the complaint as a class action, also struck the class allegations under *EEOC v. D.H. Holmes*, 556 F.2d 787 (5th Cir. 1977), *cert. denied*, 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978), for failure to comply with F.R.Civ.P. 23. *Id.* The EEOC moved for reconsideration of the denial of class certification which was denied. *EEOC v. Peoples Bank of In-*

dianola, No. GC–119–K (N.D.Miss. Feb. 2, 1978). Subsequently, on February 23, 1978, the parties stipulated for dismissal without prejudice of the individual claim of Walls. *EEOC v. Peoples Bank of Indianola*, No. GC–119–K (N.D.Miss. Feb. 23, 1978). The EEOC appeals.

We hold that the stipulated dismissal related solely to the individual claim of Walls, leaving only the question of the propriety of the District Court's order rejecting the class-wide action.[1] On May 12, 1980, the Supreme Court decided *General Telephone Co. of Northwest, Inc. v. EEOC*, —— U.S. ——, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), which repudiated *D.H. Holmes*. Since the disposal of the class feature is the only issue left in the case and the Supreme Court held that the approach in *D.H. Holmes* requiring compliance with F.R.Civ.P. 23 is no longer good law, we reverse and remand for action consistent with *General Telephone*.

REVERSED and REMANDED.

---

1. As this appeal concerns only the District Court's action regarding the class action feature, we need not decide the appealability of

the voluntary stipulation of a dismissal without prejudice under *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976) and its progeny.