**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

**v.**

**FIRST NATIONAL BANK OF JACKSON, Defendant-Appellee.**

No. 78–1357.

United States Court of Appeals, Fifth Circuit.

April 2, 1980.

---

5. The jury awarded Ogden some $61,000 less than the amount of the unpaid invoices, but Ogden has not cross-appealed.

**1006**

Mary Helen Mautner, Lutz Alexander Prager, Susan Buckingham Reilly, Attys., Washington, D. C., for plaintiff-appellant.

Fuselier, Ott, McKee & Flowers, M. Curtiss McKee, Armin J. Moeller, Jr., Jackson, Miss., for defendant-appellee.

Before MORGAN, REAVLEY and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

This appeal raises the question of whether an employer charged with discrimination in a Title VII action may counterclaim or present affirmative defenses sounding in tort. We reverse, holding that such an employer may not counterclaim or defend based on tort claims.

Appellant, Equal Employment Opportunity Commission, brought this suit in 1975 after its investigation of a charge of discrimination filed by George Brister, a black man. The EEOC determined that there was reasonable cause to believe that the bank had discriminated against blacks and black males, but not against Brister individually. The EEOC brought suit under § 706(b) of Title VII. Appellee, First National Bank of Jackson, filed an answer, including affirmative defenses and a counterclaim. The bank asserted that the suit was maliciously brought, in conspiracy with Brister, whom the district court described as a "chronic complainer."[1] In connection with the responsive pleadings, the bank sought discovery regarding information about Brister, which is allegedly contained in approximately 45 different investigative files of the Jackson District Office of the EEOC concerning approximately 45 charges brought by Brister against other employers. When EEOC failed to comply with this discovery request, in contravention of an order by a United States Magistrate, the district court dismissed the action with prejudice and awarded attorney's fees and costs to the bank.

The district court held that the bank's counterclaim, which was in the nature of a charge of malicious prosecution, was authorized pursuant to the Federal Tort Claims Act. The district court ruled that the Federal Tort Claims Act constituted a waiver of sovereign immunity. The trial court also stated that the claims were actually recoupments, and were compulsory under the Federal Rules of Civil Procedure.

■ The primary issue in this case is whether the trial court abused its discretion in dismissing the appellant's suit as a discovery sanction.

Rule 37 of the Federal Rules of Civil Procedure provides trial courts with the means and power to enforce compliance

1. The defendant has not asserted its right to private conciliation. Our decision in *EEOC v.* *Brookhaven,* 5 Cir. 1979, 614 F.2d 1022 is controlling.

with the rules of discovery through a broad choice of remedies and penalties.[2]

In *Emerick v. Fenick Industries*, 539 F.2d 1379, 1381 (5th Cir. 1976), this court stated:

The discretion of the district court to order sanctions under Rule 37(b)(2) is broad but not unlimited. The due process clause of the fifth amendment limits the power of courts to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause. *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). When the disobedient party is a plaintiff, dismissal with prejudice is a sanction of last resort, applicable only in extreme circumstances. *Thomas v. United States*, 531 F.2d 746, 749 (5th Cir. 1976); *Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118 (5th Cir. 1967). When the disobedient party shows that his recalcitrance was based on factors beyond his control or on the exercise of constitutional privilege, a reviewing court is justified in terming the dismissal an abuse of discretion. See *Thomas v. United States*, supra; *Dorsey v. Academy Moving & Storage*, 423 F.2d 858, 861 (5th Cir. 1970). (footnote omitted)

539 F.2d at 1381.

In reviewing the trial court's actions, we are mindful that if the disputed information was not properly discoverable, it follows that the district court should not have imposed a Rule 37 sanction upon appellant for refusing to reveal the information. *Dunbar v. United States*, 502 F.2d 506 (5th Cir. 1974).

The district court's compelling discovery was founded on the premise that the counterclaim was viable. We do not agree. The district court's view that the bank's counterclaim was authorized by the Federal Tort Claims Act is erroneous. That the bank's counterclaim sounded in malicious prosecution was not contested by either of the parties.[3] The bank charged that the purpose of the EEOC's lawsuit was to "defraud, vex, and harass" the bank and other employers "maliciously and for ulterior purposes" by means of "unlawfully conceived, groundless, vexatious, and fraudulent charges."

The United States cannot be sued unless it specifically consents to be sued, either by specific statutory consent, *United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940), or by instituting a suit as to which a defendant may plead matters in recoupment. *Frederick v. United States*, 386 F.2d 481 (5th Cir. 1967). While the Federal Tort Claims Act waives immunity as to certain types of tort claims against the United States, the bank's claims fall squarely within the Act's express exceptions. By its own terms, the Federal Tort Claims Act does not apply to "[a]ny claim arising out of . . . false imprisonment, false arrest, malicious prosecution [or] abuse of process . . . ." 28 U.S.C. § 2680(h).

The bank's assertion that the proviso in § 2680(h) which deletes the exception for investigative or law enforcement officers is applicable to the EEOC is without merit. Investigative or law enforcement officers are defined in § 2680(h) as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violation of Federal law." Under § 709(a) of Title VII, the EEOC's agents are given the power to: "at all reasonable times have access to, for the purpose of examination, and the right to

---

**2.** Fed.R.Civ.P. 37(b)(2) provides in pertinent part:

If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(b)(2)(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .

**3.** A malicious prosecution is defined as "one that is begun in malice, without probable cause to believe it can succeed, and that finally ends in failure . . . .. The gist of the action is the putting of legal process in force regularly for the mere purpose of vexation or injury." 52 Am.Jur.2d § 2 at 187.

copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by [the Act]." They are not, however, given authority to execute searches, seize evidence, or make arrests for violation of federal law. The bank has not cited any authoritative interpretation of the meaning of "investigative or law enforcement officers" which would cause this court to reject the plain meaning given to these terms by the statutory definition itself. *See Caruth v. United States,* 566 F.2d 901 (5th Cir. 1978).

The district court's ruling that the counterclaim was maintainable in recoupment is also erroneous. To state a claim in recoupment, a counterclaim must assert a claim arising out of the same transaction or occurrence which is the subject matter of the government's suit and seek relief only to the extent of diminishing or defeating the government's recovery. *Frederick v. United States,* 386 F.2d 481 (5th Cir. 1967). "A defendant's claim arising out of the same transaction or occurrence as that on which the plaintiff seeks recovery may be recouped, but there can be no recoupment if the damages claimed by the defendant arise from the breach of an independent contract or from an independent wrong unconnected with the plaintiff's cause of action. . . ." 20 Am.Jur.2d § 69. Although the bank's counterclaim has some connection to the EEOC's suit, we deem that connection as being too tenuous and indirect to warrant the innovation of the doctrine of recoupment. Indeed, it is only where the plaintiff has no valid claim that a defendant may maintain a suit for malicious prosecution. 52 Am.Jur. § 29.

The bank's charge of harassment by appellant cannot be considered an affirmative defense. *Assuming* that the bank's allegations of malicious prosecution are meritorious, they could not constitute an affirmative defense to alleged Title VII violations. An affirmative defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense. 2A Moore's Federal Practice ¶ 8.27[3], at 8251 (2d Ed. 1979). The so-called affirmative defense of malicious prosecution and harassment did not relate to the primary issue in this Title VII action—whether the bank unlawfully discriminated against blacks and black males. What constitutes an insufficient defense depends upon the nature of the claim for relief and the defense in question. Federal Practice and Procedure, Wright and Miller, Vol. 5, Section 1381, p. 791. We hold that the bank's affirmative defense of malicious prosecution is insufficient as a matter of law and, therefore, must be stricken. Rule 12(f), Fed.R.Civ.P.

Because we hold that the district court should not have dismissed this cause, we must necessarily reverse the award of attorney's fees and costs. A district court may only award attorney's fees and costs to a prevailing Title VII defendant, pursuant to § 706(k) of the Act. 42 U.S.C. § 2000e–5(k); *see also, Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

We hold that because the counterclaim was not properly maintainable against the EEOC, the district court abused its discretion in dismissing the suit as a discovery sanction. Further, the matters asserted in the counterclaim were not in the nature of an affirmative defense to the charge filed by the EEOC.

Accordingly, this case is REVERSED and REMANDED.

REAVLEY, Circuit Judge, concurring:

I agree that the judgment of the district court must be reversed because the discovery sanction was improper. I do not join in the dictum in the first footnote of the majority opinion.

The first footnote portends a departure from the statutory language of section 706 of Title VII. The majority indicates that *EEOC v. Brookhaven Bank and Trust Co.,* 614 F.2d 1022 (5th Cir. April 2, 1980), precludes the employer from asserting, on remand, that the failure of the EEOC to attempt informal methods of reso-

lution must abate the present suit. I do not understand that case to stand for the asserted proposition. Rather, the issue in *Brookhaven Bank* is whether the EEOC can institute suit on alleged unlawful employment practices discovered in the course of investigating a charge that does not result in a reasonable cause finding. The right to conciliation was not raised. However, one of the policies the majority in *Brookhaven Bank* found to support its holding was that "employers should have the opportunity to settle with the EEOC and all aggrieved parties before court action is initiated." *Brookhaven Bank & Trust Co.*, 614 F.2d at 1025. Somehow, the employer now loses that right.

It cannot be argued that the employer has waived his right to assert the failure to attempt conciliation as an abatement to this suit. As the majority points out, the action was dismissed as a discovery sanction in its embryonic stage. The employer may well have wished to amend his answer when discovery is completed.

Subsection (f)(1), 42 U.S.C. § 2000e–5(f)(1) (1976), makes it unmistakably clear that a failure of conciliation efforts is an absolute prerequisite to suit by the EEOC. The first footnote in the majority opinion ignores this language. Congress clearly intended for the EEOC to attempt informal methods of resolution before bringing the grievance before the federal courts. The duty should not be lightly cast aside. Moreover, when the suggestion in the first footnote is juxtaposed with the majority's holding in *Brookhaven Bank*, much of the statutory paradigm of section 706 is emasculated. The two can be read in concert to mean that the EEOC can file suit on alleged unlawful employment practices despite the lack of any reasonable cause finding and despite the fact that the EEOC makes no attempt at conciliation. I cannot agree.