**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff-Appellant,**

v.

**BROOKHAVEN BANK & TRUST COMPANY, Defendant-Appellee.**

No. 79–1117.

United States Court of Appeals, Fifth Circuit.

April 2, 1980.

Rehearing and Rehearing En Banc Denied May 30, 1980.

Vincent J. Blackwood, Atty:, E.E.O.C., Washington, D. C., for plaintiff-appellant.

Fuselier, Ott, McKee & Flowers, M. Curtiss McKee, Richard C. Roberts, III, Jackson, Miss., for defendant-appellee.

Before MORGAN, REAVLEY, and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

The Equal Employment Opportunity Commission, appellant, appeals from the trial court's order dismissing its class action suit brought under section 706 of Title VII.[1] The trial court dismissed the action primarily on the ground that section 706(b) and the EEOC regulations preclude a class action by EEOC where there is a finding that the original charge filed is untrue.[2] We reverse.

Appellant, Cynthia Powell, a black woman, filed a charge with the EEOC in February, 1975, alleging that appellee, Brookhaven Bank & Trust Co. (Brookhaven Bank) refused to hire her because of her race. The EEOC conducted an investigation and notified the appellant in a letter of determination that there was no reasonable cause to believe that her charge of discrimination was true. The letter, however, stated that the investigation justified a finding that reasonable cause existed to believe the Brookhaven Bank maintained segregated job classifications in violation of Title VII. When conciliation efforts failed, the EEOC filed this suit seeking injunctive relief, back pay, and the institution of an affirmative action program which would eradicate the unlawful unemployment practices.

We must decide whether the EEOC may file suit against an employer after it concludes that no reasonable cause exists to believe the charge filed is true, where unlawful employment practices surface during the investigation of the charge.

*The Civil Rights Act of 1964.*

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* generally forbids discrimination, in the context of employment, against any individual "because of such individual's race, color, religion, sex, or national origin." Title VII's proscriptions are directed at employers, employment agencies, and labor organizations, each of which is forbidden to engage in certain defined "unlawful employment practices." 42 U.S.C. § 2000e-2, 2000e-3.

To effectuate the goals embodied in Title VII, Congress created the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-4. The EEOC's procedures may be set in motion by the filing of a charge of discrimination. The procedures which are triggered by the filing of such a charge are detailed in 42 U.S.C. § 2000e-5, which provides in pertinent part as follows:

. . . . .

(b) Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer . . . has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge . . . on such employer . . . and shall make an investigation thereof. . . . If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, . . . the Commission shall endeavor to eliminate such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.

. . . . .

(f)(1) If within thirty days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action . . .. If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . the Commission has not filed a civil action . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought

. . ..

*Standing.*

 The district court dismissed this case partly on the ground that the EEOC failed

---

1. 42 U.S.C. § 2000e-5 (1976).

2. The trial judge also dismissed the action on grounds that dismissal was justified as a dis-

covery sanction and the EEOC could not meet the requirements of Fed.R.Civ.P. 23.

to meet the requirements of Rule 23, Fed.R. Civ.P., on class actions. The district court stated:

> Since the EEOC is only able to satisfy the 'injury' and 'membership' requirements of Rule 23 through the injury and membership in the class of the charging party and since, in this case, the EEOC has determined that the charging party suffered no injury and is not a member of the class it is seeking to represent, it follows without question that the EEOC has no derivative 'injury' or 'membership' in the class.

The district court's view is not supported by the case law.

Employment discrimination has been interpreted to be, by its nature, class discrimination, permitting investigation aimed at determining an employer's handling of the class. *Georgia Power Co. v. EEOC*, 412 F.2d 462 (5th Cir. 1969). In *EEOC v. D. H. Holmes Co., Ltd.*, 556 F.2d 787 (5th Cir. 1977), the court held that when the EEOC brings a class action pursuant to 42 U.S.C. § 2000e-5(f)(1), it must follow the requirements of Rule 23 of the Rules of Civil Procedure. The court in *Holmes* stated: "[2000e-5(f)(1)] gives EEOC standing to sue under Title VII to the same extent as individuals aggrieved by discrimination in employment." *Id.* at 794. More significantly, however, the court held that the EEOC was itself a member of the class. The court stated: "The crux of the matter is this: Having been set up by law to bring civil actions on behalf of persons allegedly discriminated against, EEOC has standing to sue, is a real party in interest, and, we hold, for purposes of Rule 23, is a member of the class." *Id.* at 797. The court went on to hold that the EEOC is an adequate class representative as required by Rule 23(a), and noted that "In the normal situation, we might expect EEOC to be a representative *par excellence.*" *Id.* *Holmes* makes clear that the authority of EEOC to represent a Title VII class stems not from derivative class membership, but from congressional act. Therefore, it should not be fatal to the EEOC's action that the original complaining party has failed to qualify for class membership.

*The Charge.*

Title VII provides that "charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." The EEOC regulations provide that sworn charges should contain: (1) the name and address of the charging party; (2) the name and address of the person against whom the charges are made; (3) a statement of the facts; (4) the approximate number of employees of the respondent; and (5) whether or not proceedings have begun before a state or local agency. 29 C.F.R. § 1601.-11(a).

In *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970), the court held that the scope of the EEOC investigation in a possible subsequent civil action need not be limited by the specific allegations of the charge. In other words, the original charge is sufficient to trigger an investigation of all practices which "can reasonably be expected to grow out of the charge of discrimination." The court stated:

> The logic of this rule is inherent in the statutory scheme of Title VII. A charge of discrimination *is not* filed as a preliminary to a lawsuit. On the contrary, the purpose of a charge of discrimination is to trigger investigatory and conciliatory procedures of the EEOC. Once a charge has been filed, the Commission carries out its investigatory function and attempts to obtain voluntary compliance with the law. Only if the EEOC *fails* to achieve voluntary compliance will the matter ever become the subject of court action. Thus it is obvious that the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation. Within this statutory scheme, it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. (Emphasis added).

*Id.* at 466.

In a similar context is *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453 (5th Cir.

1975). There, the court held that the settlement of a private party's suit against an employer did not foreclose the EEOC's right to bring suit predicated on, but not limited to, the same charge. The court stated in pertinent part:

> The filing of a charge with the EEOC is simply the first step in pinpointing and then correcting employment discrimination. If upon investigating a particular charge of discrimination (which itself might be relatively minor) the EEOC discovers other discriminatory practices, surely the EEOC should not be prevented from taking appropriate action on those newly discovered practices simply because the charging party settles his suit with the employer.

*Id.* at 455.

## CONCLUSION

■ Under the statutory scheme of Title VII, an aggrieved person may file a charge with the EEOC alleging employment discrimination. The EEOC may then investigate the particular charge and any charge which can reasonably be expected to grow out of the original charge of discrimination. In determining whether the EEOC has properly added new charges in the complaint filed with the court, two countervailing policies must be considered. The first is the policy to expedite the judicial process. To limit the EEOC to the precise charge filed would serve no purpose except to add greater delay and expense to the enforcement proceedings. The second is the policy that employers should have the opportunity to settle with the EEOC and all aggrieved parties before court action is initiated. If the employer has notice of the charge and has been offered an opportunity to remedy the problem without litigation, it should not be allowed to avoid enforcement of the law because the original charge filed with the EEOC be the aggrieved party is slightly different from the complaint filed in court by the EEOC.

■ We hold that dismissal was improper because the EEOC could meet the membership requirement of Rule 23 in this section 706 suit although the Commission found no reasonable cause on the original charge undergirding the suit.

We have examined the other reasons for dismissal stated in the trial court's order and find them to be without merit. The judgment of the district court is

REVERSED.

REAVLEY, Circuit Judge, dissenting:

I regard the majority holding as contrary to the statutory language of section 706 of Title VII. Subsection (b) of that section, 42 U.S.C. § 2000e-5(b) (1976), provides that the EEOC is not empowered to proceed to informal methods of resolution of the alleged unlawful employment practice unless it determines that there is reasonable cause to believe that the charge filed by the complaining party is true. Subsection (f), 42 U.S.C. § 2000e-5(f) (1976), authorizes the EEOC to file suit only if the informal methods of resolution prove fruitless. It follows that a reasonable cause finding on the charge filed by the complaining party is an indispensable condition to suit by the EEOC.

The cases cited by the majority are not to the contrary. *Georgia Power Co. v. EEOC,* 412 F.2d 462 (5th Cir. 1969), involved only the proper scope of discovery by the EEOC during investigation of a charge but prior to any determination regarding reasonable cause. *EEOC v. D. H. Holmes Co.,* 556 F.2d 787 (5th Cir. 1977), *cert. denied,* 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978), was concerned with whether the lower court had properly characterized the suit as a class action and whether the Commission is required to comply with Fed.R.Civ.P. 23 when it brings a class action. The opinion mentions that five charges had been filed against the employer but is mute on whether the Commission found reasonable cause to believe any were true. *Holmes* does not stand for the proposition that the EEOC staff may institute suit whenever it decides an unlawful practice has been uncovered despite the fact that no valid charge is before it. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970), and *EEOC*

*v. Huttig Sash & Door Co.,* 511 F.2d 453 (5th Cir. 1970), are even less pertinent. *Sanchez* involved suit by the complaining party. The decision had nothing to do with an EEOC suit because Congress had not yet amended section 706 of Title VII to allow the EEOC to sue under that section. Moreover, the EEOC did find reasonable cause to believe that one of the complaining party's charges was true. Similarly, in *Huttig Sash & Door,* the EEOC found reasonable cause to believe that one of the charges filed by the complaining party was true. Consequently there was no bar to the EEOC proceeding to informal methods of solution.

Congress did not leave the EEOC powerless when it uncovers other practices which it considers unlawful in the course of an investigation of a section 706 charge which is determined to be meritless. A separate charge may be filed by a member of the Commission under section 706 and conciliation efforts may proceed on the Commissioner's charge. Alternatively, the EEOC may decide to file a pattern or practice suit pursuant to section 707, 42 U.S.C. § 2000e-6 (1976).

Conscientious adherence to the statutory prerequisites is more than an exaltation of form over substance. The language of the statute insures that trifles do not become subjects of EEOC suits and that employers are not harassed by an overzealous EEOC staff. The employer must be engaged in a practice that is sufficiently important to cause an employee to complain to the EEOC and to deserve investigation. If no employee complains, it must warrant the filing of a complaint by a member of the Commission or be sufficiently widespread to justify a pattern or practice suit by the EEOC. I recognize that once the EEOC finds reasonable cause to believe a charge is true, it may eventually file suit on any unlawful practice it discovers in the course of a reasonable investigation. *Huttig Sash & Door,* 511 F.2d at 453. This does not yield an incongruity because once there is a reasonable cause finding with respect to one charge, it is less likely that other complaints are trifles or harassment.

Today's decision places dangerous leverage in the hands of chronic complainers willing to point an accusing finger and charge employment discrimination. The employer may know a threatened charge is unfounded and he may know that the EEOC will rapidly discover that it is meritless. But those who learn of this decision will also know that judicial imprimatur is placed upon plenary investigations of all the employment practices of an employer despite the fact that the charge is patently frivolous. The employer may not wish to bear the inconvenience and expense of the EEOC investigation rather than capitulate to the petty extortion of the disgruntled complainer.