**David GILES, Plaintiff,**

v.

**ROADWAY EXPRESS,
INCORPORATED,
Defendant.**

**Civ. A. No. E80–0069(N).**

United States District Court,
S. D. Mississippi, E. D.

May 7, 1981.

Elliot Andalman, Hattiesburg, Miss., for plaintiff.

M. Curtiss Mckee, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

WALTER L. NIXON, Jr., District Judge.

This cause came on to be heard on the Motion of the Plaintiff to Dismiss all Counterclaims of the Defendant, and the Court having heard and considered arguments and briefs in support and in opposition thereto, is of the opinion and finds that the Motion is well taken, and therefore all counterclaims of the Defendant must be dismissed for the reasons set forth below.

The Plaintiff filed this civil action for injunctive relief and money damages alleging that the Defendant practiced racially discriminatory and retaliatory employment practices against him in violation of Title VII of the Civil Rights Act of 1964, as amended.

The Defendant, in addition to denying that it is guilty of any racial discrimination or retaliatory conduct in its answer, has counterclaimed against the Plaintiff for relief, including monetary damages, punitive damages, administrative expenses, attorney fees and court costs. The Defendant's counterclaim includes allegations of (1) civil conspiracy to prevent the Defendant from carrying on its business (2) civil conspiracy to obtain unjust enrichment for the Plaintiff from the Defendant, and (3) malicious prosecution. The counterclaim also includes allegations in contract in the nature of a quantum meruit claim. The Defendant alleges no independent jurisdictional basis for any of its counterclaims against the Plaintiff, but rather alleges that these counterclaims are recognizable as compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure.

In considering the Plaintiff's Motion to Dismiss, the Defendant's counterclaims have been considered in the light most favorable to the Defendant and the allegations contained therein have been taken as

true. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

Even considering the counterclaim allegations to be true, and reading them in a light most favorable to the Defendant, this Court finds that the counterclaims must be dismissed. *EEOC v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1006 (5th Cir. 1980), *cert. den.*, 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981). Although in *First Nat. Bank of Jackson*, the Fifth Circuit was specifically concerned with what counterclaims, if any, a Title VII defendant could maintain against the EEOC as Plaintiff, the Court's opinion strongly supports, and policy considerations require, this Court's dismissal of all of the Defendant's counterclaims sounding in tort. The Court in *First Nat. Bank of Jackson* stated specifically,

This appeal raises the question of whether an employer charged with discrimination in a Title VII action may counterclaim or present affirmative defenses sounding in tort. We reverse, holding that such an employer may not counterclaim or defend based on tort claims. 614 F.2d at 1006.

We further hold that the Defendant has failed as a matter of law to state a claim upon which relief can be granted in quantum meruit. The Defendant herein submits that it is entitled to recover from the Plaintiff the difference between the wages it paid to the Plaintiff and the actual value of his work, which the Defendant maintains was less than the wages paid. We can find no statutory or case law authority for the existence of such a cause of action under Mississippi law.

Further, the Defendant has admitted in its pleadings that it paid wages to the Plaintiff for his work as an employee. Even reading the Defendant's allegations in their most favorable light, the Defendant has failed to allege a necessary element to any case in quantum meruit, the absence of a specific agreement to pay a particular amount of money for services rendered. *See Redd v. L & A Contracting Co.*, 151 So.2d 205, 207 (Miss.1963).

This Court is also of the opinion that the claims herein are not, as a matter of law, compulsory counterclaims. Although the counterclaims have some connection to the Plaintiff's claims and arise generally out of the same employment relationship, they do not arise out of the same occurrence and do not have a sufficient logical relationship to be found as compulsory counterclaims. *See First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (1980); and *Kolta v. Tuck Industries, Inc.*, 11 FEP Cases 142 (D.C.N.Y.1975).

Although the counterclaims of the Defendant involve at least two of the same parties and the same general employment relationship, the employment discrimination claims of the Plaintiff focus on the intent of the Defendant, its promotion practices, and statistical employment patterns. On the other hand, the counterclaims of the Defendant focus on the intent of the Plaintiff, the EEOC and its representatives and unnamed others. As the Fifth Circuit has pointed out in *First Nat. Bank of Jackson*, *supra*, the allegations of malicious prosecution and harassment do not relate to and are not a defense to the primary issue in a Title VII action, i.e., whether the defendant unlawfully discriminated.

This Court has considered *Avigliano v. Sumitomo Shoji America, Inc.*, 473 F.Supp. 506 (S.D.N.Y.1979), cited by the Defendant. In *Avigliano*, on Plaintiff's Motion, the court dismissed the Defendant's counterclaim based on malicious prosecution, and did not consider a counterclaim in quantum meruit. Although *Avigliano* permitted the Title VII Defendant to proceed with counterclaims based on tort, we disagree, and instead rely on *First Nat. Bank of Jackson*, *supra*.

The Defendant may, of course, assert as part of its defense that the Plaintiff did not perform satisfactory work, and as regards damages, the Defendant may assert and attempt to prove that the Plaintiff is not entitled to certain back wages for certain reasons.