**Wilfredo NAVARRO, Plaintiff,**

**v.**

**Rina COHAN, etc., et al., Defendants.**

**No. 83–1654–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Nov. 26, 1985.

Ellis Rubin, Miami, Fla., for plaintiff.

Kent Zaizer, Asst. Atty. Gen., Tallahassee, Fla., Thomas Panza, Ft. Lauderdale, Fla., J.C. Codias, Robert Shevin, Lucia Dougherty, Miami, Fla., Hector Tato, Coral Gables, Fla., Robert Welcher, Miami, Fla.,

Glen Koch, Ft. Lauderdale, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER IMPOSING SANCTIONS

SPELLMAN, District Judge.

This action was filed on June 30, 1983 against fifteen defendants whom plaintiff claimed were part of a plot to "get" him by engaging in false arrest and imprisonment, investigative harassment and schemes to violate his constitutional and statutory civil rights. The record contains one-hundred and fourteen docket entries and yet it is as stagnant as the Dead Sea. The reason for this is clearly plaintiff's counsel's dilatory tactics, which are set forth below.

### I. PROCEDURAL BACKGROUND

In response to plaintiff's forty-seven page Complaint, which incidentally contained two counts, the defendants herein filed various motions to dismiss. The plaintiff never responded to said motions, and requested instead that he be permitted to file an Amended Complaint. His request was granted, and on December 27, 1983, the plaintiff filed a twenty-eight page Amended Complaint, in response to which the defendants again filed various motions to dismiss, strike and for more definite statements. The plaintiff never responded to these motions. Although the Court's approval of the Amended Complaint was not technically required, see Rule 15(a) of the Federal Rules of Civil Procedure, this Court gave the plaintiff an opportunity to correct any possible weaknesses in the original Complaint, as is his right. The Court assumed that plaintiff failed to respond to the defendants' motions because he was waiting for this Court's formal approval of his request to file an Amended Complaint. Accordingly, on December 12, 1984, this Court issued an Order, formally granting the plaintiff's motion to file an Amended Complaint in lieu of responding to the motions to dismiss and permitting the plaintiff to file this Amended Complaint within twenty days of the date of the Order.

Twenty-two days after the Order, the plaintiff filed a document entitled "Notice of Compliance" stating that the Complaint filed on December 27, 1983 was the Complaint he was using. In response to this notice, all the defendants renewed their motions to dismiss. On January 25, 1985, this Court entered an Order directing the plaintiff, within ten days of the Order, to file a response to all pending motions. On February 7, 1985, the plaintiff filed a Second Amended Complaint for Damages, which was only eleven pages. He had not moved for leave of Court to file said pleading, as is required by Rule 15(a) of the Federal Rules of Civil Procedure, nor did he ever file any response to the defendants' motions.

The defendants moved to strike the Second Amended Complaint and to dismiss the Amended Complaint. Defendants' motion to strike was granted July 9, but the Court declined to dismiss the Amended Complaint. Instead, the Court, realizing its duty to provide a party with ample opportunity to avoid a dismissal with prejudice, issued an Order to Show Cause why this action should not be dismissed for want of prosecution and why sanctions should not be imposed for failure to comply with this Court's Order of January 25, 1985 requiring the plaintiff to respond. This Order to Show Cause was part of the July 9, 1985 Order. The matter under consideration by the Court now is whether Plaintiff's counsel's response to the Order to Show Cause is meritorious enough to save this action from dismissal as opposed to the imposition of sanctions.

### II. THE RESPONSE

Ellis Rubin, Esquire, an experienced attorney in this community for many years, timely responded to the show cause order. In his response, Mr. Rubin states that the attorney who filed the "Notice of Compliance" and the Second Amended Complaint, Frank Quintero, Jr., Esquire, is no longer employed by Ellis Rubin Law Offices, P.A.

Mr. Rubin was informed by Mr. Quintero that "to still further eliminate the delays and dilatory pleadings of the Defendants, that he [Quintero] took it upon himself to file a Second Amended Complaint of only eleven pages in order to avoid going through hearings on the Defendants' Motions." [1] Motions to dismiss, strike and for more definite statements are not inherently dilatory, contrary to Mr. Rubin's conclusory determinations. The original Complaint was signed by Mr. Rubin; the Amended Complaint was signed by Mr. Rubin and co-counsel, Mr. J.C. Codias. Mr. Rubin offers no explanation as to why activity on the file was not being monitored by him as the head of the law firm. The Court is loathe to breach its duties by dismissing this case altogether, thereby making the plaintiff suffer, rather than counsel. Mr. Rubin has pleaded with the Court not to punish the Plaintiff, and the Court will heed this plea. The Court will, however, not permit Mr. Rubin to leave this case unpenalized.

### III. THE LAW

■ Rule 41(b) of the Federal Rules of Civil Procedure states in part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action or of any claim against him." The various motions to dismiss do raise as grounds the content of Rule 41(b), but many of them state additional grounds as well. Outside of the arguments raised by Defendants, it is within the Court's inherent power to dismiss a case for failure to prosecute or follow the Court's orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 834 (1962).

■ Nonetheless, the standard used under Rule 41(b) is whether there is a "clear record of delay or wilful contempt and a finding that lesser sanctions would

not suffice." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir.1980). Dismissal of an action with prejudice is a "sanction of last resort, applicable only in extreme circumstances." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir.1982), *quoting EEOC v. First National Bank*, 614 F.2d 1004, 1007 (5th Cir. 1980), *cert. denied*, 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981). Although the Court finds counsel's handling of this case inexcusable, the Plaintiff should not be precluding from pursuing his cause of action.

Accordingly, imposing sanctions, rather than dismissing the case, is a way of reaching both counsel and client; showing them both that this Court does not tolerate game playing or the airing of dirty laundry. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Court,: "upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction." [2] The nature of the sanction is within the discretion of the Court. *Moore's Federal Practice* at ¶ 11.01[2]. In *Eastway Const. Corp. v. City of New York*, 762 F.2d 243 (2nd Cir.1985), the Court stated:

> [S]anctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, *or where*, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." (footnote omitted) (emphasis in the original)

762 F.2d at 254.

A review of the record in this case shows clearly that counsel has ignored this Court's orders and has not filed pleadings in accordance with reasonable diligence.

---

1. This quotation is what Mr. Rubin stated in his Response was Mr. Quintero's communication to him.

2. Fed.R.Civ.P. 11 deals primarily with pleadings; the "it" referred to herein is the pleading itself (the Complaint, Amended Complaint and Second Amended Complaint in this case).

Accordingly, sanctions must be imposed. It is hereby

ORDERED AND ADJUDGED that Mr. Ellis Rubin, Esquire, shall pay the amount of two-thousand and five hundred dollars ($2,500.00) into the registry of the Court within fifteen (15) days.[3] Should Mr. Rubin fail to do so, he shall submit himself into the custody of the United States Marshall. Furthermore, Mr. Wilfredo Navarro, the Plaintiff herein, shall have forty-five (45) days from the date of this Order within which to secure different counsel. Mr. Rubin has shown that his continued representation of Mr. Navarro would only jeopardize the Plaintiff's chances of success. Mr. Navarro shall make sure that his new counsel shall have his or her Notice of Appearance filed with the Court within the given time frame. Once new counsel has been retained, this cause shall proceed forthwith.

See also, D.C., 632 F.Supp. 1177.

3. The above stated amount is to be retained by the Clerk of the Court for subsequent distribu-

tion to the parties.