**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,**

v.

**REICHHOLD CHEMICALS,
INC., Defendant.**

**PCA No. 87–30483–RV.**

United States District Court,
N.D. Florida,
Pensacola Division.

May 19, 1988.

Arlene T. Shadoan, EEOC, Miami Dist. Office, Miami, Fla., for plaintiff.

Pamela McOwen, Pensacola, Fla., William A. Clineburg, Jr., King & Spalding, Atlanta, Ga., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

VINSON, District Judge.

This action under Title VII of the Civil Rights Act of 1964 was filed by the Equal Employment Opportunity Commission ("EEOC" or "Commission") on behalf of Carolyn J. Smith to correct alleged unlawful employment practices and to make Smith whole. The plaintiff has moved to amend its complaint. (Doc. 13) Specifically, the plaintiff seeks to add allegations that the defendant retaliated against Smith for exercising her federally protected rights in violation of Section 704(a) of Title VII and Section 15(a)(3) of the Fair Labor Standards Act. The defendant opposes the motion on the ground that the plaintiff's failure to inform the defendant, before issuing an administrative determination, that it was investigating the defendant's possible unlawful retaliation bars the plaintiff from now asserting a retaliation claim.

### A. *Background*

The original complaint alleges that the defendant discriminated against Smith on the basis of her sex. Particularly, the plaintiff alleges that the defendant paid Smith a salary lower than was designated for her job and level of performance by the defendant's classification and pay system, while white males received salaries within their designated grade and according to their job performance. The proposed amended complaint alleges, in addition, that the defendant retaliated against Smith for the exercise of her rights under Title VII and the Equal Pay Act by, inter alia, not giving Smith an annual raise, "reducing" her performance evaluation, and not considering her for promotion to positions for which she was qualified.

This lawsuit stems from a charge Smith filed with the EEOC on June 26, 1984. She claimed that, because of her sex, the defendant was paying her less money for more responsibility than other managers in the defendant's accounting department. On July 15, 1986, after investigating the charge, the EEOC found that there was probable cause to believe that the charge was true. As required by law, it began conciliation efforts, which proved to be unsuccessful.

During a subsequent investigation leading up to the filing of this action, the EEOC learned of facts which it maintains gave it reasonable cause to believe that the defendant had retaliated against Smith for filing her sex discrimination charge. The Commission notified the defendant of that finding and of its factual basis on November 30, 1987. It also attempted to conciliate the finding of retaliation, but was unsuccessful.

### B. *Law and Discussion*

The permissible scope of a complaint filed under Title VII is not defined by the scope of the charge filed with the EEOC, but by the scope of the EEOC investigation, as long as that investigation reasonably grew out of the discrimination charge. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970); *see also Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir.1983). This rule is designed to avoid additional procedural technicalities to the extent compatible with the EEOC's functions of investigating alleged discriminatory practices, obtaining voluntary compliance with the anti-discrimination laws, and promoting conciliation. *See EEOC v. Brookhaven Bank & Trust Co.*, 614 F.2d 1022, 1025 (5th Cir.1980); *see also Evans v. U.S. Pipe & Foundry Co.*, *supra*, 696 F.2d at 929; *Gupta v. East Texas State University*, 654 F.2d 411, 414

(5th Cir.1981); *Sanchez v. Standard Brands, Inc., supra,* 431 F.2d at 466–67. Thus, where the EEOC, in the course of investigating a charge of discrimination, develops facts which lead it to believe that a separate, uncharged incident or form of discrimination has occurred, it may attempt to conciliate the finding of the uncharged discrimination. If conciliation fails, it may then file suit. *See EEOC v. Huttig Sash & Door Co.,* 511 F.2d 453 (5th Cir.1975). In short, this circuit has chosen to dispense with "additional procedural technicalities" in order to facilitate the EEOC's efforts to achieve voluntary compliance with Title VII and to expedite the judicial process. *See Gupta v. East Texas State University, supra,* 654 F.2d at 414; *Evans v. U.S. Pipe & Foundry, supra,* 696 F.2d at 929; *EEOC v. Brookhaven Bank & Trust Co., supra,* 614 F.2d at 1025; *Sanchez v. Standard Brands, Inc., supra,* 431 F.2d at 466–67.

■ For example, in *EEOC v. Brookhaven Bank & Trust Co., supra,* the plaintiff had filed a charge with the EEOC, alleging that the bank had refused to hire her because of her race. After investigating the charge, the Commission determined that there was no reasonable cause to believe that the discrimination charge was true. However, the agency further found that the bank maintained segregated job classifications in violation of Title VII. Ensuing conciliation efforts failed, and the EEOC filed suit to enjoin and eradicate that alleged unlawful employment practice. The court held that the Commission could prosecute the uncharged discrimination claim in court. 614 F.2d at 1025.

It is significant for purposes of the plaintiff's motion that the EEOC in *Brookhaven Bank* had investigated and attempted to conciliate that claim, but the claim had not been charged. Also important is the absence of any indication by the court that the employer had received notice of the EEOC's investigation of that claim before the agency issued its letter of determination.

■ Like in *Brookhaven Bank,* the EEOC in this case has investigated and attempted to conciliate the retaliation claim. Thus, it has fulfilled its critical functions of investigation and conciliation, and has provided the employer with a chance to remedy the problem without litigation. *See Evans v. U.S. Pipe & Foundry Co., supra,* 696 F.2d at 929; *id.* at 1025. Under the established law of this circuit, that is enough for it to now bring a retaliation claim in this lawsuit.[1]

In addition, I conclude that the plaintiff's motion should also be granted on the authority of *Gupta v. East Texas State University, supra.* The former Fifth Circuit there held that a plaintiff need not exhaust administrative remedies before bringing a retaliation claim, where that claim grew out of a separate discrimination claim which was properly presented to the EEOC. Although *Gupta* involved a private plaintiff, I see no reason that its holding should not apply with equal force to this case, where the plaintiff is the EEOC.

The court in *Gupta* rested its conclusion on certain practical reasons and policy justifications. Specifically, it noted that since retaliation claims necessarily arise after the filing of an EEOC charge, "[r]equiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case—a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII." 654 F.2d at 414. The court further observed that "[e]liminating this needless procedural barrier will deter employers from attempting to discourage employees from exercising their rights under Title VII." *Id.*

■ This reasoning applies equally where, as here, the plaintiff is the EEOC. The administrative prerequisites to a suit

---

1. I do not find it significant that the EEOC did not discover the factual basis for a retaliation claim until after it had found reasonable cause to believe that the charged claim of sex discrimination was true. The timing of the discovery does not change the dispositive facts that the discovery grew out of the investigation of Smith's charge and that the plaintiff has previously investigated and attempted to conciliate the retaliation claim.

under Title VII do not vary according to whether the EEOC or the individual later sues. Nor is the employer less likely to retaliate against an individual for filing a discrimination charge with the EEOC simply because sometime later the EEOC, not the individual, filed suit on the individual's behalf.[2] Moreover, *Gupta* reflects a general willingness to sacrifice procedural technicalities in order to facilitate enforcement of Title VII.

■ In conclusion, I find that I have ancillary jurisdiction to hear the plaintiff's retaliation claim without exhaustion of the administrative prerequisites. I further find that the administrative prerequisites were satisfied in this case under the rule established in *Sanchez v. Standard Brands, Inc., supra.* Accordingly, the plaintiff's motion to amend is GRANTED, and the amended complaint is deemed filed on this date.

DONE AND ORDERED.

**2.** I realize that the defendant contends that the relevant issue is not whether a separate charge should have been filed for the retaliation claim, but whether the EEOC can issue its determination on that claim without first notifying the defendant that it is investigating the claim. The defendant's position, however, reflects a misapprehension of the EEOC's duty. The Commission has no general duty to apprise an employer of the course or focus of its investigation. Rather, its specific duty is only to serve a notice of the charge on the employer within 10 days of the filing of the charge. 42 U.S.C. § 2000e–5(b); 29 C.F.R. § 1601.14a. If, as here, no charge is required, the EEOC is under no separate or additional obligation to inform the employer of the suspected discrimination it is investigating.