EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

AIR LINE PILOTS ASSOCIATION,
Defendant.

Civ. No. 94–2734 (CRR).

United States District Court,
District of Columbia.

May 3, 1995.

Dennis R. McBride, Supervisory Trial Atty., and Julie C. Bretz, Trial Atty., James R. Nealy, Jr., Deputy Gen. Counsel, Philip Sklover, Associate Gen. Counsel, and Reuben Daniels, Regional Atty., E.E.O.C., Washington, DC, for plaintiff.

Clay Warner, Staff Atty., Air Line Pilots Ass'n, Herndon, VA, for defendant.

### MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court are the Defendant's Motion to Dismiss, the Plaintiff's Opposition thereto and the Defendant's Reply. The Court held a hearing on said Motion on February 1, 1995. Because the Defendant filed materials outside the pleadings along with its Motion, the Motion must be treated as a Motion for Summary Judgment under Fed.R.Civ.P. 12(b) and 56.

In the instant Motion, the Defendant Air Line Pilots Association ("ALPA") argues that the Complaint should be dismissed because Neil Strawhorn, the individual on whose behalf the Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") has filed this action, has not filed an EEOC charge. In opposition, the EEOC contends that it has the authority to bring suit in its own name based on evidence of discrimination found during the investigation of a valid charge. In addition, the EEOC asserts that the "single filing" rule allows an individual who has not filed an EEOC charge to maintain an action based upon someone else's filing of a valid charge.

While the Court does not agree that the single filing rule squarely applies here, the

Court finds that the EEOC does have the authority to bring the instant suit in its own name on behalf of Strawhorn and the public interest. Accordingly, the Defendant's Motion to Dismiss, treated as a Motion for Summary Judgment, shall be denied.

## BACKGROUND [1]

ALPA is a labor union that represents most of the nation's commercial airline pilots, including pilots for Northwest Airlines and Air Wisconsin. ALPA and Northwest are parties to collective bargaining agreements governing the terms and conditions of employment for Northwest's and Air Wisconsin's pilots. Both collective bargaining agreements contain provisions, known as "agency shop" clauses, that require pilots either to become members of ALPA or, at their option, to pay ALPA an agency fee that is no greater than the dues and fees paid by members. Pilots who fail to meet this contractual obligation are subject to discharge from their employment.

Neil Strawhorn is a pilot for Northwest, and he works from Northwest's pilot base in Detroit, Michigan. Until 1991, Strawhorn was employed as a pilot for Air Wisconsin. While working for Air Wisconsin, Strawhorn failed to pay the agency fees required by the "agency shop" clause in the collective bargaining agreement between ALPA and Air Wisconsin. Strawhorn allegedly objects to the payment of agency fees on religious grounds. (Complaint at ¶ 6). However, Strawhorn has never filed a charge with the EEOC concerning the allegations raised in the instant Complaint.

On November 28, 1990, Kurt R. Langseth, a pilot for Air Wisconsin, filed a charge of discrimination with the EEOC's Milwaukee District Office ("MDO"), in which he claimed that ALPA was discriminating against him on the basis of his religion because it would not allow him to pay his union dues to a charity, as he had requested. (Affidavit of Chester V. Bailey at ¶ 2). On June 17, 1992, the MDO issued a determination finding reasonable cause to believe that ALPA had discriminated against Langseth. During its in-vestigation of Langseth's charge, the EEOC had learned that four pilots employed by Air Wisconsin, including Langseth and Strawhorn, sought accommodation from ALPA for their religious objections to the payment of agency fees. (Affidavit of Chester V. Bailey at ¶¶ 1–2).

Although the EEOC determined not to litigate on behalf of Kurt Langseth, the Commission voted to approve litigation against ALPA regarding ALPA's refusal to accommodate the religious beliefs of non-charging party Neil J. Strawhorn and others similarly situated. On March 8, 1994, the MDO issued an amended determination finding cause on ALPA's non-accommodation of Strawhorn's beliefs, and attempted further conciliation on Strawhorn's behalf. On January 12, 1995, the EEOC filed suit against ALPA in the United States District Court for the Eastern District of Wisconsin, alleging that "ALPA has threatened, and taken action, to expel from membership Neil Strawhorn and other similarly-situated persons who have objected to the payment of union dues on the basis of their religious beliefs," in violation of 42 U.S.C. § 2000e–1(c)(1) and (3). (Complaint ¶ 6). By stipulation filed December 6, 1994, the parties agreed to transfer venue to this Court.

## DISCUSSION

### I. THE EEOC HAS THE AUTHORITY TO BRING SUIT IN ITS OWN NAME ON BEHALF OF STRAWHORN AND THE PUBLIC INTEREST

█  It is well-settled that section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(a), empowers the EEOC to bring a civil action in its own name when it seeks to remedy discrimination discovered during the investigation of a valid charge. As the United States Supreme Court explained, "[g]iven the clear purpose of Title VII, the EEOC's jurisdiction over enforcement, and the remedies available, the EEOC need look no further than § 706 for its authority to bring suit in its own

---

1. ALPA filed a Statement of Material Facts as to Which There is No Genuine Issue. The EEOC filed a pleading indicating that it does not dis-pute the same, with the exception of paragraph 9 which the Court did not consider for purposes of this Motion.

name for the purpose, among others, of securing relief for a group of aggrieved individuals." *General Telephone Co. v. EEOC*, 446 U.S. 318, 324, 100 S.Ct. 1698, 1703, 64 L.Ed.2d 319 (1980).

■ Although ALPA concedes the validity of this theory as proffered by the EEOC, it argues that the EEOC's authority to sue in its own name is inapplicable here because Strawhorn was not expressly mentioned in the EEOC's determination and conciliation efforts following its investigation of Langseth's charge.[2] In addition, ALPA argues that the EEOC's amended determination addressing Strawhorn's charge was not authorized by the Commission's regulations. Accordingly, ALPA contends, it was denied proper notice and the opportunity to conciliate Strawhorn's claim prior to litigation such that the Complaint must now be dismissed.

■ Upon careful consideration of the pleadings and the relevant law, however, the Court determines that it must adhere to the undisputed principle that "[u]nder broad remedial powers granted by Congress under Title VII, the EEOC has standing by itself to challenge a policy that represents ongoing discrimination." *EEOC v. United Parcel Service*, 860 F.2d 372, 374 (10th Cir.1988). ALPA concedes that this is the law. It also does not dispute that the EEOC learned of Strawhorn's claim while investigating Langseth's charge, that the EEOC conducted an investigation of Strawhorn's circumstances following its issuance of an amended cause determination, and that the EEOC invited ALPA to conciliate Strawhorn's claim.

Instead, ALPA seizes upon a procedural anomaly in urging the Court to ignore both the law regarding the EEOC's independent standing to sue and the EEOC's attempts to conciliate Strawhorn's claim. At bottom, ALPA argues that, because the EEOC's original determination following its investiga-

tion of Langseth's charge did not mention Strawhorn, the EEOC may not exercise its statutory power to sue in its own name to seek redress for discrimination revealed through the investigation of a valid charge. ALPA provides no authority—aside from the lack of an EEOC regulation specifically authorizing the Commission to amend its determinations—for this position.

■ Nor, for that matter, is it clear that the EEOC's original determination was deficient for purposes of the instant suit. Rather, courts have consistently held that "the original charge is sufficient to trigger an investigation of all practices which can reasonably be expected to grow out of the charge of discrimination." *EEOC v. Brookhaven Bank & Trust Co.*, 614 F.2d 1022, 1024 (5th Cir.1980) (internal quotation marks omitted), *reh'g denied*, 618 F.2d 1389 (1980). *See also United Parcel Service*, 860 F.2d at 374; *EEOC v. Occidental Life Insurance Co.*, 535 F.2d 533, 541 (9th Cir.1976), *aff'd*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977); *EEOC v. Reichhold Chemicals, Inc.*, 700 F.Supp. 524, 527 (N.D.Fla.1988). "The EEOC's role in the claims process is to investigate a claim thoroughly and reasonably and remedy *any* unlawful discrimination that it uncovers." *EEOC v. Tempel Steel Co.*, 723 F.Supp. 1250, 1253 (N.D.Ill.1989) (emphasis added). Thus, when the EEOC acts, it acts "to vindicate the public interest in preventing employment discrimination," *General Telephone Co.*, 446 U.S. at 324, 100 S.Ct. at 1703, and its "right to proceed endures until the alleged discrimination is eradicated." *United Parcel Service*, 860 F.2d at 377. Courts have therefore allowed the EEOC to go forward with a suit notwithstanding the fact that the original claimant settled with the employer. *See, e.g., Brookhaven Bank & Trust Co.*, 614 F.2d at 1025; *United Parcel Service*, 860 F.2d at 374.

---

2. ALPA also argues that the EEOC cannot bring an independent lawsuit "where none of the parties for whom the EEOC seeks relief has filed a valid charge." Reply at 4. In support of this statement, ALPA simply refers to its discussion of the single filing rule, which the Court addresses below. These doctrines, however, do not so easily blur, and ALPA provides no authority for the proposition that the EEOC can bring suit in its own name under § 706 for purposes of remedying discrimination for a group of individuals *only* if at least one of such individuals filed a timely charge. Rather, the EEOC "enjoys significantly greater latitude than private claimants in filing suits that deviate from the original claim." *EEOC v. Tempel Steel Co.*, 723 F.Supp. 1250, 1252 (N.D.Ill.1989).

■ The Court finds that adopting ALPA's view would champion form over substance and frustrate the EEOC's broad remedial purpose in protecting the public interest in freedom from employment discrimination. Here, it is undisputed that the instant claim reasonably grew out of the investigation of Langseth's discrimination charge, that the EEOC conducted an independent investigation of Strawhorn's claim following its issuance of an amended determination, and that the EEOC attempted to conciliate Strawhorn's particular claim. In this Court's view, the law required no more of the EEOC before it filed this lawsuit on behalf of Strawhorn and others similarly situated to challenge a policy that allegedly represents ongoing discrimination.

■ ALPA argues that the EEOC's failure to include Strawhorn's claim in the original determination is fatal to the instant suit. Courts have stated that the EEOC has independent authority to file a civil suit based on a new claim arising from an investigation of a valid charge provided that the additional discrimination is included in the reasonable cause determination followed by compliance with proper conciliation procedures. *EEOC v. Hearst Corp.*, 553 F.2d 579, 579 (9th Cir. 1976); *EEOC v. General Electric Co.*, 532 F.2d 359, 365–66 (4th Cir.1976). However, while the Court recognizes that the issuance of an "amended cause determination" is unusual, and hardly the preferable manner for the EEOC to proceed, the Court declines to dismiss the Complaint where investigation and conciliation procedures were indeed conducted on behalf of Strawhorn.

Moreover, the initial determination included notice that "since January 1, 1986, a total of five (5) individuals (including the Charging Party) made requests for religious accommodation with the union. None of the requests was granted." Plaintiff's Opposition (Exh. 4 at 2). Among these individuals was Neil Strawhorn. *See* (Affidavit of Chester V. Bailey at ¶¶ 1–2). Thus, under the facts of this case, the Court finds without merit ALPA's

argument that it was not afforded notice of Strawhorn's charge and the opportunity to conciliate. At this juncture, to require the EEOC to obtain a charge from Strawhorn and file a separate action on his behalf would "result in an inexcusable waste of valuable administrative resources and an intolerable delay in the enforcement of rights which require a timely and effective remedy." *General Electric Co.*, 532 F.2d at 365–66 (4th Cir.1976).

## II. THE COURT CANNOT FIND THAT THE "SINGLE FILING" RULE APPLIES TO THE INSTANT SUIT

■ The Court does find, however, that the EEOC's reliance on the "single filing" rule as further grounds for its position is misplaced. The single filing rule provides that "where one plaintiff has filed a timely EEOC complaint, other non-filing plaintiffs may join in the action if their individual claims 'aris[e] out of similar discriminatory treatment in the same time frame.'" *Snell v. Suffolk County*, 782 F.2d 1094, 1100 (2d Cir.1986) (quoting *Ezell v. Mobile Housing Board*, 709 F.2d 1376, 1381 (11th Cir.1983)). In this Court's view, however, this rule assumes that at least one plaintiff in a lawsuit did file a timely EEOC charge.[3] Thus, if Langseth were included in the instant suit, the single filing rule would apply. However, because Strawhorn does not join a plaintiff who filed a valid claim, the single filing rule is inapposite. To hold otherwise would allow non-charging plaintiffs to circumvent the well-settled principle "that a party seeking relief under Title VII must file timely charges of employment discrimination with the EEOC before that party may seek judicial relief." *Foster v. Gueory*, 655 F.2d 1319, 1321 (D.C.Cir.1981). In particular, such a rule would allow a would-be plaintiff who missed the statutory time limit for filing an EEOC charge to file an independent lawsuit by relying upon the timely charge of some other individual, even though that individual is not named in the lawsuit. Under such circumstances, as here, there would be no

---

**3.** The EEOC asserts that the *Snell* court held that "non-filing claimants may even file a separate lawsuit to remedy discrimination against them." Plaintiff's Opposition at 11 (citing *Snell*, 782 F.2d at 1100). The Court has combed that case, however, and cannot find where the Second Circuit so held.

"*joining* with another plaintiff who has filed ... a charge," a procedure which, in the Court's view, the single filing rule contemplates. *Id.* at 1322 (emphasis added).

Thus, in *Wakeen v. Hoffman House, Inc.,* 724 F.2d 1238 (7th Cir.1983), the Seventh Circuit refused to allow a class member to intervene as class representative by relying on another plaintiff's EEOC charge and right to sue letter where the other plaintiff's claim was dismissed on summary judgment. The court explained,

> We hold ... that a class member who does not meet the procedural prerequisites for waging a Title VII suit may not use the guise of a motion to intervene to take over as the sole class representative for someone who initiates but is not legitimately able to continue a class action. To hold otherwise would make a mockery of the concept of a right to sue and of the procedures by which one obtains the right.

*Id.* at 1246. While the precise question before this Court differs from that which the *Wakeen* court addressed, *Wakeen* does suggest that the single filing rule applies only where at least one plaintiff in a lawsuit filed a timely EEOC charge. The argument put forth by the EEOC in this case, however, would allow a plaintiff to file a lawsuit based upon another individual's exhaustion of administrative remedies, even though the other individual is not a plaintiff in the lawsuit. As "nothing in Title VII suggests that the filing of a charge by one person obviates the need for any other similarly aggrieved person to file such a charge before obtaining the right to sue," this Court declines to adopt the position advanced by the EEOC on this issue. *Id.* at 1246. In any event, the Court's finding that the EEOC has independent authority to sue on behalf of Strawhorn and the public interest supports the denial of the Defendant's instant Motion.

### CONCLUSION

For the reasons discussed herein, the Court finds that the Defendant's Motion to Dismiss, treated as a Motion for Summary Judgment, shall be denied. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.